United States District Court
for the Western District of Washington

**CASE NO.**
**Complaint for violation of Civil Rights**
Jury trial: ☐ Yes ☒ No

**EN BANC HEARING REQUESTED**

**20-CV-00372 BAT**

## I. The Parties to this complaint:

Plaintiff: Gabriella Kertesz pro se and all other similarly situated citizens

Defendant: Bob Ferguson
Attorney General of Washington State
800 Fifth Ave
Suite 2000
Seattle, WA 98104
206-464-6763
publicrecords@atg.wa.gov

_____ FILED _____ ENTERED
_____ LODGED _____ RECEIVED

MAR 09 2020   CA

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                                DEPUTY

## II. Basis for Jurisdiction

I. Plaintiffs claim federal jurisdiction pursuant to Article III § 2 which extends the jurisdiction to all cases arising under the U.S. Constitution.

II. Plaintiffs bring this suit in equity pursuant to Title 42 U.S. Code § 1983 for violation of the U.S. Constitution by the defendant enforcing an unconstitutional law: RCW 7.70.060. By enforcing RCW 7.70.060 defendant under the color of law in his official capacity violates the 14th Amendment to the U.S. Constitution.

1

### III.  Statement of Claim

Plaintiffs bring this suit in equity to seek redress for the daily irreparable injury dealt to them from the enforcement of an unconstitutional Washington state law: RCW 7.70.060 **(Exhibit 1)**. This law is unconstitutional, as it extends its protection only to the ones who break it. Those who have been injured by the breaking of RCW 7.70.060 never receive any remedy. Utilizing the law to only protect the lawbreakers constitutes an illegal/unauthorized use of the law and is disagreeable to the usages and principles of law. Plaintiffs seek an expedited judicial review of the unconstitutionality of RCW 7.70.060 and of the defendant who in his official capacity under color of law actively enforces and defends this law.

RCW 7.70.060 codifies a legal process for obtaining informed consent. *In exchange for following the legal process* of obtaining prima facie evidence, the law provides the healthcare sector with a powerful legal protection: "There shall be no liability, civil or otherwise, resulting from a health care provider choosing either the signed consent form set forth in subsection (1)(a) of this section or the signed acknowledgment of shared decision making as set forth in subsection (2) of this section." RCW 70.70.060 (5).

A signed consent form is a powerful legal protection for the healthcare sector in a court of law, as it shields them from any liability *stemming from accusations of informed consent violations* (misrepresentations of risks/benefits and alternatives). In exchange for prima facie evidence, the law protects violators by granting them full payment for their services (voided liability) as they are deemed to be compliant with RCW 7.70.060. Plaintiffs receive no remedy from the courts *for grievances of informed consent violations* when violators present the courts with prima facie evidence of informed consent **(Exhibit 5)**.

If plaintiffs could ever prove that their rights for informed consent had been violated, the courts would have to hold violators liable *for informed consent violations*. In such cases, violators would be found non-compliant with RCW 7.70.060. The courts would have to null plaintiffs' medical bills to provide remedy of the same value as the law currently grants to violators whenever they are acquitted of *informed consent violations*. This would be an equitable remedy.

RCW 7.70.060 instructs the courts to acquit lawbreakers of informed consent violation when prima facie evidence is presented in a court of law. Prima facie evidence is the violators' words on a piece of paper with plaintiffs' signature on it. No matter how much plaintiffs protest in court that the forms they had signed deprived them of alternatives that they would have preferred, their words matter not for judges when prima facie evidence is present (**Exhibit 5**). When prima facie evidence is present, the courts strip patients of their rights to question their consent in a court of law. (A consent that cannot be questioned is nothing but the will of the violator. Courts stripping victims of their rights to question their "consent" they gave to the violator under vulnerable circumstances is a grave violation on its own.)
Prima facie evidence will tip the balance of justice to favor violators: they will be cleared of charges of *informed consent violations*. As violators are cleared, the law keeps to its word and voids all liability for lawbreakers. Violators will be able to keep all payments for their services.

The law and reason dictates that courts cannot clear violators of *informed consent violations* in the absence of prima facie evidence. If the courts acquitted violators of *informed consent violations* in the absence of prima facie evidence that would mean the following:

1. Prima facie evidence is a sham and is used for the sole purpose of shielding violators from liability in the courtrooms when they are accused of violating a patient's right for informed consent.

2. Plaintiffs would *never* receive any remedy for *informed consent violations*. When there is no remedy, there is no law.

In the absence of prima facie evidence the law commands that violators must not be acquitted and be held liable for *violating the patient's right for informed consent*. The law's direct and positive command forbids judges from acquitting violators of informed consent violations, as they did not meet the legal standards for acquittal. In such cases, the courts would provide *equitable remedy* to plaintiffs by denying payments to violators for their services. *If* physical harm resulted from

3

violating the patient's right for informed consent, then *additional* liability (in the form of damages) will be invoked to compensate the patient.

Currently, RCW 7.70.060 is only enforced to protect the healthcare sector in malpractice lawsuits. Violators themselves will invoke the protection of RCW 7.70.060 when they have proof of signed consent **(Exhibit 5)**. **The legal protection of prima facie evidence** shields them from all liability that can arise from informed consent violations.

RCW 7.70.060 cannot exert its power to protect plaintiffs, as RCW 7.70.060 (5) makes all informed consent violation allegations inadmissible in which prima facie evidence cannot be produced. Such an act is a denial of due process of law and the denial of the equal protection of the law. As argued above, all informed consent violation cases without prima facie evidence should automatically yield verdicts in plaintiffs' favor in a court of law. As is, patients *never* receive any remedy when their rights for informed consent are violated.

Washington state elected law officials fail to enforce RCW 7.70.060 in accordance with the 14th Amendment of the U.S. Constitution. Such failed law enforcement allows the healthcare sector to break an existing Washington state law (RCW 7.70.060) with absolute impunity. **Truth be told, the direct and positive command of the law does not authorize the healthcare sector to collect on payments in the absence of prima facie evidence of informed consent. The healthcare sector is transgressing the law. Only the judiciary has the power to remedy a transgression of such magnitude. Plaintiffs are doing everything in their power to compel the federal judiciary to act.**

When the law does not authorize payments, but those payments are collected nevertheless, that constitutes as theft, robbery or fraud **(Exhibit 16)**. Plaintffs have no words to describe the injustice. The scale of the lawbreaking is unprecedented. Massive unlawful reallocation of resources are permitted to take place daily all across this country. Such unlawful reallocation of resources is only made possible with the aid of Washington state government's law enforcement. Washington state enforces RCW 7.70.060 for the sole protection of those who break that law. To use RCW 7.70.060 to only protect the lawbreakers is unconstitutional. The consequences of such failed law enforcement are disastrous and far reaching. It is not just the people whose property is taken without consent by the healthcare sector **(Exhibit 16)**. Our

Social Security is also forced to pay out to the same lawbreakers. That elevates the lawbreaking to federal level. The only solution to end such lawlessness is to enforce RCW 7.70.060 in accordance with the U.S. Constitution. Only the law has the power to end lawlessness.

In 2007 Second Substitute Senate Bill 5930 **(Exhibit 2)** amended RCW 7.70.060 with the following intention:

> *"The legislature declares an intent to focus on improving the quality of patient-practitioner communication* and on *increasing the extent to which patients make genuinely informed, preference-based treatment decisions."*
> and
> *"The legislature intends to promote new public/private collaborative efforts to broaden the development, use, evaluation, and certification of effective decision aids and intends to support the collaborative through providing new recognition of the shared decision-making process and patient decision aids in the state's laws on informed consent."*

Second Substitute Senate Bill 5930 identified several barriers that prevent the widespread use of decision aids **(Exhibit 2)**. Lack of incentives for use, such as reduced reimbursement and reduced liability were listed as some of the reasons that prevent patients from being engaged in the shared decision-making process. Practitioners are not incentivized to inform patients, as a truly informed patient might refuse a service, resulting in reduced reimbursement. Reduced liability is also a reason for not informing patients, as the chances of being sued are practically non-existent for many services, so withholding information from patients will not result in any liability, but rather in greater reimbursement. Overtreatment (expensive unnecessary care) is rampant in the American healthcare system **(Exhibit 3)**.

RCW 7.70.060 was amended by the following section in 2007:

> "There shall be no liability, civil or otherwise, resulting from a health care provider choosing either the signed consent form set forth in subsection (1)(a) of this section or the signed acknowledgment of shared decision making as set forth in subsection (2) of this section."

5

Washington state Legislature was so desperate to protect the people of Washington state in 2007 that an "emergency clause" (WASH. CONST. art. II, § 1(b)) had to be invoked to amend RCW 7.70.060. The "emergency clause" blocked the people of Washington state from exercising their rights to referendum. Consequently, the people could not restrain the Legislature from squandering away the people's rights to question their consent in a court of law. Before the 2007 amendment, patients *could invoke liability for informed consent violations* in high liability services. After the 2007 amendment, patients *could not invoke liability for informed consent violations for any* services. The amendment transformed patients' signature on a consent form into *irrefutable proof of informed consent* for which no liability could be invoked. Voiding liability for informed consent violations killed the law for informed consent for the public, but kept it alive for the healthcare sector. The nature of consent is that it can only be given and never taken. No liability for consent means that consent has no value. As is, consent is *freely taken* by the healthcare sector every day throughout this country. The American people can never *give* their true informed consent to any procedure, as their consent has no value.

The 2007 amendment gave legal protection to the lawbreakers by stripping plaintiffs of their rights to question their consent in a court of law. No other time does or can this law protect anyone else. In fact, RCW 7.70.060 denies its protection to the public in RCW 7.70.060 (5):

> "Failure to use a form or to engage in shared decision making, with or without the use of a patient decision aid, shall not be admissible as evidence of failure to obtain informed consent."

Consent cannot be questioned when there is indisputable proof (lack of signed forms) that it was not obtained through the legal process set by law. The refusal to admit cases that would test the protection offered by RCW 7.70.060 results in a law that always protects the violators and never those who have been violated. Plaintiffs ask the honorable court to take judicial notice of the state of affairs in their everyday dealings with the healthcare sector: informed consent (as protected by RCW

6

7.70.060) is denied to all of us on a daily basis. None of us can ever give, let alone challenge, our consent (as protected by RCW 7.70.060) for any medical service.

Even though there are no punitive measures in place for not using consent forms, the healthcare sector does choose to provide consent forms for some high liability services that may result in malpractice lawsuits.

Washington state citizens agree to most medical services without signing any consent forms. Healthcare businesses never provide consent forms for reduced liability services. Thousands of plaintiffs never sign informed consent forms and find out belatedly that their rights for informed consent were violated **(Exhibit 13)**. These plaintiffs did not suffer immediate physical harm, but they claim that they would have vetoed their consent had they been given truthful information regarding risks, benefits and alternatives. Some plaintiffs even have the audacity to say that they would have refused a service based on price alone. Plaintiffs are aware that the legal protection of the consent forms could have saved them from an unnecessary service, but consent forms are denied to them (unlawfully) by the healthcare sector. Plaintiffs are adamant that they are being exploited when they are forced to pay for services that they would have refused had they been given truthful information. It is cost prohibitive for patients to hire lawyers to fight informed consent violation cases in a court of law (even if the law allowed these cases in courtrooms), as the remedy could never be more than the cost of the unnecessary "care" and most likely would not cover the lawyer's fee.

Research has shown that at least a quarter of all medical services are unnecessary in this country **(Exhibit 4)**. Plaintiffs presume that most people would not agree to expensive "care" if they knew that it is unnecessary. Most people will never find out that they were victims of "care" they never needed. Some consumers, however, will come to the realization that they were subjected to unnecessary "care". These people uniformly claim that they are victims of fraud. Thousands upon thousands of consumers **(Exhibit 13)** demand some remedy for the harm of being forced to pay for unnecessary services. An ingenious process allows violators to chanel all informed consent violation cases (without prima facie evidence) through a complaint process that entirely circumvents the law.

Violations without prima facie evidence are directed to be "investigated" by the violators (major hospitals) own "Clinical Quality Investigations" unit. Violators

7

conduct their own internal "investigations" behind closed doors. Patients are not contacted for any input. No wrongdoing is ever found by violators. All cases are "dismissed" and liability is voided. Patients are forced to pay **(Exhibit 6)**. The powerful legal protection of RCW 7.70.060 (voided liability for the price of the service) is granted to violators (by violators themselves) *without the need for prima facie evidence.* This is standard "due process" when violators investigate their own informed consent violations.

The other channel where the flow of complaints is redirected is the Department of Health of Washington state (DOH). John Wiesman is the Secretary of Health of Washington state. He has taken the oath to uphold the laws of Washington state and to support the Constitution. RCW 43.17.020, RCW 43.17.030, RCW 43.01.020. The Secretary's office shuts down all informed consent violation cases by informing citizens through rejection letters that declare: *"we cannot identify a violation of the law"* **(Exhibit 10)**. RCW 7.70.060 is not even listed amongst the relevant laws that govern the operation of the DOH. The director of the Office of Investigative and Legal Services at the DOH has stated to plaintiffs: *"We do not enforce Chapter 7.70 RCW"* **(Exhibit 10)**. Informed consent is where all medical care begins, yet the DOH does not enforce RCW 7.70.060 for the protection of the public. Only the healthcare sector gets the protection of this law.

Plaintiffs are in possession of a database (obtained from the DOH through the utilization of the Public Records Act - **Exhibit 13**) that contains over 100 thousand patient complaints (nearly all rejected with no action taken) for the past 12 years in Washington state. The database confirms that RCW 7.70.060 is not enforced: all informed consent violation cases are rejected. The Secretary of Health - operating on the legal counsel of the Attorney General of Washington state **(Exhibit 9)** - unlawfully rejects all informed consent violation cases.

Between the healthcare businesses and the DOH all complaints of informed consent violations are intercepted and rejected.

An elemental understanding of the law necessitates that all informed consent violation cases be directed to the courts. After all: RCW 7.70.060 was amended in 2007 to protect patients' rights to shared decision making **(Exhibit 2)**. The courts allow the violators to utilize RCW 7.70.060 for their own protection, yet the violated are denied the same due process in a court of law. If patients were allowed

court access, their complaints would overwhelm our court system **(Exhibit 13)**. Denying due process of law for informed consent violations is unconstitutional.

Ms. Kertesz took Swedish hospital to court for fraud in 2015. She testified *in court* that her right for informed consent was violated by Swedish hospital. Ms. Kertesz understood that violators had no leg to stand on in a court of law, as there was no prima facie evidence of her consent. In addition, Ms. Kertesz provided irrefutable evidence of her "informed" consent being forged into medical records by the healthcare sector. The requirements for preponderance of evidence had been exceeded for small claims court. *The equal protection of RCW 7.70.060 (guaranteed to citizens by the 14th Amendment) was invoked by Ms. Kertesz.* The *ultimate injustice* was dealt to Ms. Kertesz when judge Anne Harper declared in a court of law that *no written consent is necessary for informed consent* **(Exhibit 7)**. In the absence of prima facie evidence RCW 7.70.060 has a direct and positive command for the following action: the judge must shift the burden of proof onto the violators (doubling their burden, as the burden is on them de jure). Any deviation from the direct and positive command of the law will result in the law only being utilized for the protection of the violators. Only through the shifting of the burden of proof can equitable remedy be provided to the victim. *When the direct and positive command of the law is not obeyed, plaintiffs will never receive any remedy for informed consent violations.* Judges who depart from the direct and positive command of the law breach their ministerial duties. When ministerial duty is breached, equitable remedy is always denied to those who have been violated. The public can never be protected when liability for informed consent violations is continually voided by Washington state courts. This is not how the law works. *On the face of it, RCW 7.70.060 proclaims the value of the right for informed consent, but in reality this law is only being utilized to protect those who violate that law.*

RCW 7.70.060 must be enforced in accordance with the 14th Amendment to the U.S. Constitution: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; *nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.*"

Bob Ferguson is the Attorney General of Washington state. His office pledges on their website: *"The Office of the Attorney General will provide excellent,*

*independent, and ethical legal services to the State of Washington and protect the rights of its people."* The Attorney General has taken an oath upon entering his office to uphold the U.S. Constitution (RCW 43.01.020). Bob Ferguson was notified of the unconstitutional nature of RCW 7.70.060 on 11/20/2019 **(Exhibit 8)**. The Assistant Attorney General of the Agriculture and Health Division (Eric A. Sonju) responded to the complaint on 1/8/2020: *" In your communications, you ask the Attorney General to bring a legal challenge against this statute. The Attorney General has a duty to defend against challenges to Washington laws and, as such, does not have the authority to bring such a challenge. You may wish to contact your elected representatives in the Legislature to share your concerns as the Legislature has the authority to introduce legislation to change the law at issue ...The Attorney General's Office provides legal counsel and representation to the Department of Health and health professions boards..."* **(Exhibit 9)**.

The Attorney General is the chief legal advisor of Washington state government and is the state's chief law enforcement officer. The ultimate responsibility of fighting the unconstitutionality of RCW 7.70.060 lies with him. The unconstitutionality of any law ultimately lies in its enforcement. The citizens of Washington state elected Bob Ferguson to uphold all Washington state laws in accordance with the U.S. Constitution. Rights are only protected when the laws are enforced diligently.

Plaintiffs implored the Attorney General to secure their rights for informed consent. He refused to address the unconstitutionality of RCW 7.70.060.
Plaintiffs are in federal court to demand the equal protection of the law that the Attorney General is keeping from them.

The people's prayers have been heard. **They have been granted a fundamental right in the form of mandatory consent forms. This legal tool came into existence in 2007 when Washington state Legislature granted legal protection for it. Legal protection is for everyone and not just for the exclusive use of the healthcare sector. Legal protection is the right of the people.**

The American people are in dire need of a radical healthcare reform. The current leadership of this country has the will to carry it out. The people of Washington state are in possession of a legal tool that will clear the way for reform.

The federal judiciary is authorized by the law to grant the relief. The healthcare sector will have no choice, but to obey the law.

When there is a need, there is a will. When there is a will, there is a way. Always.

## IV.   Relief

The duty of the profession has been codified in RCW 7.70.060. This duty/behavior is the very foundation of the patient-provider relationship. This duty requires that the profession shares basic information with patients about the proposed treatment before that treatment takes place. Evidence has been provided to the honorable court **(Exhibit 3 & Exhibit 4)** that this duty is commonly breached by the medical profession all across this country. This breach of duty results in massive wasteful reallocation of precious public resources.

The unconstitutionality of RCW 7.70.060 cannot be solved by striking the law down, as it would be the equivalent of obliterating the right for informed consent. The only way to address the unconstitutionality of RCW 7.70.060 is to provide a remedy that has the power to turn this unconstitutional law into a constitutional one through enforcement. Plaintiffs pray for a preventive injunctive relief that will bring RCW 7.70.060 in alignment with the 14th Amendment to the U.S. Constitution.

Given the serious nature of this violation, the preventive injunctive relief will have two phases. The 1st phase of the relief suspends the legal protection of RCW 7.70.060 through a preliminary injunctive relief. The 2nd phase of the relief demands an equitable remedy that is in line with this law's original noble intentions--protecting patient rights to shared decision-making. The 2nd phase will constitutionalize RCW 7.70.060 through a new kind of enforcement.

**1st phase of relief:**

As is, the public is denied prices and is stripped of their rights to give or question their informed consent to all services. The public is in a state of utter powerlessness. Plaintiffs pray that the suffering of the people may compel this federal court to take action. RCW 7.70.060 in its current form is unbearable. The

11

continued unconstitutional enforcement of a law that only protects the lawbreakers is injurious to the welfare of the public. Plaintiffs pray for a preliminary injunctive relief that immediately suspends the legal protection of RCW 7.70.060 for the healthcare sector in Washington state. The forms that patients currently sign cannot constitute as prima facie evidence for informed consent. It has been proven that RCW 7.70.060 only protects the lawbreakers currently, so patients (the violated) cannot be protected by these forms in any way. The signature of the patient on a consent form can only reflect an acknowledgement of the information provided. Patient's signature may not be used as irrefutable proof of consent to void liability in a court of law in lawsuits. The suspension of the legal protection shall remain in place until the 2nd phase of the relief is implemented.

### 2nd phase of relief:

Plaintiffs pray for a preventive injunctive relief that takes the form of **"mandatory patient information forms"**. These forms will provide patients with truthful information about services and real prices. These forms will be required to be used with every transaction. Citizens have the right to refuse these forms. In all other cases: exceptions to the usage of this form can only be made in extraordinary emergency situations.

A signature on a consent form is not just consent to a specific treatment, but also signifies a *non-reversible* financial expenditure. Consumers have the right to know the real non-negotiable prices of all medical services before they agree to it. Price is information about the service, so it is naturally part of *informed* consent. The healthcare sector has the duty to disclose it. In this digital age, it is a simple process to empower patients with information to claim their equal rights in shared decision-making.

An executive order was issued at the end of 2019 requiring hospitals to make their standard charges public starting 2021 **(Exhibit 11)**. This executive order is well-intentioned, but can only impose a civil monetary penalty of $300 per day for non-compliance. Hospitals have already started aggressively resisting any change aimed at price transparency **(Exhibit 14)**. All governmental efforts to bring transparency to our broken healthcare system are being continuously hampered by

powerful special interest groups **(Exhibit 12)**. There is no end in sight for lawsuits from the healthcare sector **(Exhibit 15)**. The healthcare lobby spent nearly 600 million dollars in 2019 to maintain the status quo. That the healthcare sector fears change from the current administration is evident from their accelerated spending on lobbying since 2016 **(Exhibit 12)**. They know that change is coming.

Our President has taken historic actions to put the American people in control of their medical care **(Exhibit 11)**. He deserves both respect and help for his efforts. Plaintiffs and the current leadership of the U.S. government are fighting for the same cause: patient rights for informed consent through transparency in health care.

Plaintiffs fought their way to federal court to demand the equal protection of a powerful Washington state law. **RCW 7.70.060 authorizes the usage of signed consent forms in healthcare. A consent form is a powerful legal tool that can be used to disseminate vital information to patients.** By utilizing this legal tool, truthful information about services can be relayed to patients right *when they need it the most*: before the service takes place.

Currently, the protection of the consent form is *limited* to voiding liability in a court of law for those whose duty it is to obtain it. Signed consent forms are of no use to patients in courtrooms.

Consent forms can *only* provide protection to patients *outside* of the courtrooms. The law must enforce the usage of consent forms in such a way that patients are guaranteed up-to-date information about services *before* they give their consent to any medical treatment. When patients are protected in such a powerful way, the healthcare sector will also be protected. It is a win win for both parties. This is how the law protects everyone.

Access to this powerful legal tool is only limited by the Attorney General of Washington state. Bob Ferguson is deeply implicated in the systemic suppression of consent forms. He cannot admit that the ultimate responsibility of the unconstitutional suppression of such protective forms lies with him. He made it clear to Ms. Kertesz that he does not have the authority to challenge the current law enforcement of RCW 7.70.060 **(Exhibit 9)**.

**Plaintiffs pray that the Department of Justice recognizes the importance of the legal tool that is being offered up to the leadership of this country. This tool would allow our government to carry out a healthcare reform that is much**

**needed and overdue. Plaintiffs believe that this country has a leader who is not afraid to take on the status quo. Without a doubt, our President will enforce the law for informed consent.**

The 14th Amendment of the U.S. Constitution guarantees the *equal* protection of *all* laws to citizens of Washington state. Plaintiffs plead with this federal court to **constitutionalize RCW 7.70.060** by mandating that the protection of signed consent forms is extended to *patients* for all medical services/drugs.

Plaintiffs believe that the healthcare sector will welcome signed consent forms for all their services, as these forms provide them with a powerful legal protection in a court of law in Washington state. In fact, plaintiffs do not see how there could be any objection to the usage of these forms, as *these forms are being used by the healthcare sector already.* It would be most hypocritical if the healthcare sector did not allow *patients* to use consent forms. The healthcare sector shall obediently obey the law that is already protecting them. Laws do not just protect lawbreakers. Laws protect everyone. Laws can only protect when they are obeyed. That is how the law works.

The court is asked to grant a preventive injunctive relief that brings RCW 7.70.060 in alignment with the 14th Amendment of the U.S. Constitution. The relief is in the interest of all. The preventive injunctive relief is not aimed at regulating businesses, but to constitutionalize an already codified right to informed consent (RCW 7.70.060) through a new kind of law enforcement. **The implementation of the preventive injunctive relief will allow RCW 7.70.060 to remain in place unchanged, as the relief will provide patients with unparalleled protection through prevention.** The relief creates a system in which every participant is incentivized to comply with the law.

The only way to secure informed consent is through these steps:

1.      The U.S. Department of Health and Human Services shall create and maintain a publicly searchable central database with a master list of procedures/services/drugs. Healthcare businesses and drug makers will be required to list **all** their services and drugs in this database. This database can seamlessly integrate into the government's

14

electronic health record (EHR) system that has already cost taxpayers a staggering 36 billion dollars.

The U.S. Department of Health and Human Services shall input basic information about risks, benefits and alternatives for all services/drugs as deemed necessary, *starting with the most commonly overordered services and drugs*. Prudent, caring professionals have already started a campaign on *choosingwisely.org* to relate vital information to patients in order to halt waste in healthcare. These are the professionals who are dedicated to practicing medicine according to the oath they took. All the information from *choosingwisely.org* can be seamlessly integrated into the central database by the U.S. Department of Health and Human Services. A blue-ribbon committee will have to be set up to help with the integration of data.

2.      All licensed healthcare providers/businesses (regulated by the Department of Health of Washington state) shall input their **real non-negotiable prices** for all their services in the central database. Citizens of Washington state finance these businesses and it is their right to know what the real non-negotiable price of the service they are paying for is. *Citizens are aware that the real non-negotiable price alone can be an indication that the service might be unnecessary.* Citizens have the right to know and/or refuse services based on real non-negotiable prices. Citizens, uninsured or insured, will have access to real prices and will be able to seek out care that fits their budget and medical needs. Additionally, insured citizens will not be bound by networks.

3.      All drug makers shall input their **real non-negotiable prices** for all their drugs into the central database. Citizens of Washington state finance these drug makers and have the right to know what the real non-negotiable price of the drug they are purchasing is.

4.      Insurance companies shall give access (upon permission from consumers) to the U.S. Department of Health and Human Services to real time insurance **coverage information for services and drugs**. Citizens have the right by law to have access to their real time coverage information, as they are the ones who are financing the insurance companies. Citizens have the right to refuse any service based on their

coverage information. Citizens will not be bound by networks, as they are empowered by information to navigate the system. Insurance companies will be incentivized to direct patients to seek more affordable care, as both patients and the insurance companies benefit from the savings.

5.     All entities regulated by the Department of Health of Washington state shall generate "**mandatory patient information forms**" for all their services/drugs and present it to citizens with every transaction. The mandatory forms will be generated by locating the service/procedure/drug through the central database with the unique identifier of each provider. The mandatory patient information form will be automatically populated by the central database and will contain the following:

- Name of the procedure
- Risk/benefits/alternatives and all other relevant information as deemed necessary by the U.S. Department of Health and Human Services
- Real non-negotiable price of the service for the specific provider/health care business
- Real non-negotiable price of the drug
- Real time insurance coverage information for the specific drug/service
- Option for consumers: to consent or to veto their consent by their signature.
- Patient identifier number

Healthcare businesses will be required to provide these forms to consumers in either paper or electronic format before any service takes place. Generating and reading this form will take only a few minutes. Patients deserve a few minutes of the healthcare sector's time. God knows they are paying for it. Mandatory patient information forms will empower consumers with information, so they can give or veto their informed consent to any medical service/drug. **This is how RCW 7.70.060 extends its legal protection to citizens once the preventive injunctive relief takes effect.** The form gives an opportunity to patients to make truly informed decisions for themselves based on the most accurate, relevant and truthful information available.

On these forms the U.S. Department of Health and Human Services shall pledge that the forms provided reflect the risks/benefits/alternatives to the *best of the knowledge of the department.* Citizens shall be instructed to submit their comments/concerns regarding risks/benefits/alternatives to the U.S. Department of Health and Human Services. The U.S. Department of Health and Human Services has the duty to acknowledge all received information and reassure the public that their input is vital in the evolution of these forms. All submitted comments/concerns are openly searchable. The U.S. Department of Health and Human Services shall continually revise the forms based on the most current research and input from both the public and medical profession. Patient input is the most important voice in a good healthcare system.

With time, algorithms will be incorporated into the database to help customize the form for the individual needs of each patient. The U.S. Department of Health and Human Services has already invested in developing algorithms to deliver healthcare more efficiently. Mandatory patient information forms are the future for all of us. These forms will always provide the most current medical recommendations to patients. These forms will go through a continuous evolution, as our understanding of medicine is continually changing. Informed consent is a fluid concept that needs to evolve parallel with our understanding of medicine. Any change in medical practice can be instantaneously related to both patients and providers through these forms. Patients' decisions and outcomes will be tracked in the database. This collective data will fuel our understanding of the true efficiency of medical treatments and drugs. This database shall remain in the hands of the U.S. Department of Health and Human Services.

6.      **Payment is contingent upon consumer's signature by law.** This measure is the most important incentive to ensure compliance with the law. In fact, this measure guarantees compliance.

7.      Citizens have the right to forfeit their rights for mandatory patient information forms. Those who choose to forfeit their law given rights will need to sign a form that acknowledges their choice. Forfeiting rights will be a default in emergency situations when citizens are incapacitated to make decisions about their care.

8.   Plaintiffs would like the court to set a deadline of 3 months for the U.S. Department of Health and Human Services to assemble the master list of services/drugs.

All entities and drug makers regulated by the U.S. Department of Health and Human Services need to be notified immediately that there will be a *change in the enforcement of an existing law*. Entities and drugmakers in Washington state will need to be notified that they will be mandated to streamline their pricing and post their non-negotiable real prices for all their drugs and services (including emergency services) in the central database.

Real, non-negotiable prices must exist, as the absence of real-non negotiable prices would mean that citizens are paying unreal prices. Unreal prices would mean that the prices that citizens have been paying for have nothing to do with real cost. As is, the only competition that citizens see in the healthcare market is the competition for the highest price. Citizens are aware that the best deal they are ever going to get is the real non-negotiable price.

After the U.S. Department of Health and Human Services makes the master list public, all entities (healthcare businesses and drug makers) will be mandated to enter their non-negotiable pricing into the database. Plaintiffs would like the court to set a deadline of 3 months (after the central database goes public) for these prices to be entered. The healthcare sector will have to overhaul its billing system as part of the preventive injunctive relief. This is a modicum of remedy for the harm that they have unleashed on the people of this country by their transgression of the law.

Plaintiffs would like to ask the court to set the same 3 month deadline for insurance companies (after the central database goes public) to streamline access to coverage information for citizens.

Setting these deadlines will ensure that the new enforcement of an existing law takes effect in 6 months' time.

9.   Plaintiffs pray that this federal court orders Washington state courts to extend the protection of RCW 7.70.060 to the public. This complaint has argued that the enforcement of an unconstitutional law leads to the inevitable defraudment of

Washington state citizens. The magnitude of this injustice cannot be expressed by words alone. It is heartbreaking. The loss to citizens is massive.

It is prayed that all medical debt that has been incurred since the enactment of the amended RCW 7.70.060 is forgiven to all citizens.

Plaintiffs pray that all lawsuits in which the amended RCW 7.70.060 was utilized to void liability for violators are overturned. Washington state courts shall extend their most sincere apologies to all who had been dealt unjust rulings as a result of an unconstitutional law. Owning up to errors is the first step in coming clean and earning the respect of the public.

10. Plaintiffs pray that this honorable court orders Bob Ferguson to cooperate in the enforcement of this preventive injunctive relief.

The intervention that is being sought is simple and cost effective. Through written consent forms all transactions will become equitable, as they will always meet the standards set by the law. Everything that is being prayed for in the relief is prudent, agreeable to reason and is in accordance with the usages and principles of law.

## V.  Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 3/9/2020
Signature of Plaintiff: *Gabriella Kertesz*
Printed Name of Plaintiff:    Gabriella Kertesz
9702 1st Ave NW
Seattle, WA 98117
Tel: 425-243-2287
Email: gaboca@gmail.com

*"It was once said that the moral test of government is how that government treats those who are in the dawn of life, the children; those who are in the twilight of life, the elderly; and those who are in the shadows of life, the sick, the needy and the handicapped."*