CERTIFICATION OF ENROLLMENT

**ENGROSSED SECOND SUBSTITUTE SENATE BILL 5930**

60th Legislature
2007 Regular Session

Passed by the Senate April 21, 2007
  YEAS 31  NAYS 17

_____
**President of the Senate**

Passed by the House April 20, 2007
  YEAS 63  NAYS 35

_____
**Speaker of the House of Representatives**

Approved

_____
**Governor of the State of Washington**

CERTIFICATE

I, Thomas Hoemann, Secretary of the Senate of the State of Washington, do hereby certify that the attached is **ENGROSSED SECOND SUBSTITUTE SENATE BILL 5930** as passed by the Senate and the House of Representatives on the dates hereon set forth.

_____
**Secretary**

FILED

**Secretary of State
State of Washington**

**ENGROSSED SECOND SUBSTITUTE SENATE BILL 5930**

AS RECOMMENDED BY THE CONFERENCE COMMITTEE

Passed Legislature - 2007 Regular Session

**State of Washington        60th Legislature        2007 Regular Session**

**By** Senate Committee on Ways & Means (originally sponsored by Senators Keiser, Kohl-Welles, Shin and Rasmussen; by request of Governor Gregoire)

READ FIRST TIME 03/05/07.

1  AN ACT Relating to providing high quality, affordable health care
2  to Washingtonians based on the recommendations of the blue ribbon
3  commission on health care costs and access; amending RCW 7.70.060,
4  70.83.040, 43.70.110, 70.56.030, 48.41.110, 48.41.160, 48.41.200,
5  48.41.037, 48.41.100, 48.41.120, 48.43.005, 48.41.190, 41.05.075,
6  70.47.020, 70.47.060, 48.43.018, 43.70.670, 41.05.540, 70.38.015,
7  70.38.135, 70.47A.030, 43.70.520, and 70.48.130; reenacting and
8  amending RCW 42.56.360; adding new sections to chapter 41.05 RCW;
9  adding new sections to chapter 74.09 RCW; adding new sections to
10 chapter 43.70 RCW; adding a new section to chapter 70.83 RCW; adding a
11 new section to chapter 48.20 RCW; adding a new section to chapter 48.21
12 RCW; adding a new section to chapter 48.44 RCW; adding a new section to
13 chapter 48.46 RCW; adding a new section to chapter 48.43 RCW; adding a
14 new section to chapter 70.47A RCW; adding a new chapter to Title 70
15 RCW; adding a new chapter to Title 43 RCW; repealing RCW 70.38.919;
16 repealing 2006 c 255 s 10 (uncodified); prescribing penalties;
17 providing effective dates; providing expiration dates; and declaring an
18 emergency.

19 BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF WASHINGTON:

**USE STATE PURCHASING TO IMPROVE HEALTH CARE QUALITY**

NEW SECTION. **Sec. 1.** (1) The health care authority and the department of social and health services shall, by September 1, 2007, develop a five-year plan to change reimbursement within their health care programs to:

(a) Reward quality health outcomes rather than simply paying for the receipt of particular services or procedures;

(b) Pay for care that reflects patient preference and is of proven value;

(c) Require the use of evidence-based standards of care where available;

(d) Tie provider rate increases to measurable improvements in access to quality care;

(e) Direct enrollees to quality care systems;

(f) Better support primary care and provide a medical home to all enrollees through reimbursement policies that create incentives for providers to enter and remain in primary care practice and that address disparities in payment between specialty procedures and primary care services; and

(g) Pay for e-mail consultations, telemedicine, and telehealth where doing so reduces the overall cost of care.

(2) In developing any component of the plan that links payment to health care provider performance, the authority and the department shall work in collaboration with the department of health, health carriers, local public health jurisdictions, physicians and other health care providers, the Puget Sound health alliance, and other purchasers.

(3) The plan shall (a) identify any existing barriers and opportunities to support implementation, including needed changes to state or federal law; (b) identify the goals the plan is intended to achieve and how progress toward those goals will be measured; and (c) be submitted to the governor and the legislature upon completion. The agencies shall report to the legislature by September 1, 2007. Any component of the plan that links payment to health care provider performance must be submitted to the legislature for consideration prior to implementation by the department or the authority.

1  NEW SECTION.  **Sec. 2.**  A new section is added to chapter 41.05 RCW
2  to read as follows:
3      (1) The legislature finds that there is growing evidence that, for
4  preference-sensitive care involving elective surgery, patient-
5  practitioner communication is improved through the use of high-quality
6  decision aids that detail the benefits, harms, and uncertainty of
7  available treatment options.  Improved communication leads to more
8  fully informed patient decisions.  The legislature intends to increase
9  the extent to which patients make genuinely informed, preference-based
10 treatment decisions, by promoting public/private collaborative efforts
11 to broaden the development, certification, use, and evaluation of
12 effective decision aids and by recognition of shared decision making
13 and patient decision aids in the state's laws on informed consent.
14     (2) The health care authority shall implement a shared
15 decision-making demonstration project. The demonstration project shall
16 be conducted at one or more multispecialty group practice sites
17 providing state purchased health care in the state of Washington, and
18 may include other practice sites providing state purchased health care.
19 The demonstration project shall include the following elements:
20     (a) Incorporation into clinical practice of one or more decision
21 aids for one or more identified preference-sensitive care areas
22 combined with ongoing training and support of involved practitioners
23 and practice teams, preferably at sites with necessary supportive
24 health information technology;
25     (b) An evaluation of the impact of the use of shared decision
26 making with decision aids, including the use of preference-sensitive
27 health care services selected for the demonstration project and
28 expenditures for those services, the impact on patients, including
29 patient understanding of the treatment options presented and
30 concordance between patient values and the care received, and patient
31 and practitioner satisfaction with the shared decision-making process;
32 and
33     (c) As a condition of participating in the demonstration project,
34 a participating practice site must bear the cost of selecting,
35 purchasing, and incorporating the chosen decision aids into clinical
36 practice.
37     (3) The health care authority may solicit and accept funding and

```
 1  in-kind contributions to support the demonstration and evaluation, and
 2  may scale the evaluation to fall within resulting resource parameters.

 3      Sec. 3.  RCW 7.70.060 and 1975-'76 2nd ex.s. c 56 s 11 are each
 4  amended to read as follows:
 5      (1) If a patient while legally competent, or his or her
 6  representative if he or she is not competent, signs a consent form
 7  which sets forth the following, the signed consent form shall
 8  constitute prima facie evidence that the patient gave his or her
 9  informed consent to the treatment administered and the patient has the
10  burden of rebutting this by a preponderance of the evidence:
11      (((1))) (a) A description, in language the patient could reasonably
12  be expected to understand, of:
13      (((a))) (i) The nature and character of the proposed treatment;
14      (((b))) (ii) The anticipated results of the proposed treatment;
15      (((c))) (iii) The recognized possible alternative forms of
16  treatment; and
17      (((d))) (iv) The recognized serious possible risks, complications,
18  and anticipated benefits involved in the treatment and in the
19  recognized possible alternative forms of treatment, including
20  nontreatment;
21      (((2))) (b) Or as an alternative, a statement that the patient
22  elects not to be informed of the elements set forth in (a) of this
23  subsection (((1) of this section)).
24      (2) If a patient while legally competent, or his or her
25  representative if he or she is not competent, signs an acknowledgement
26  of shared decision making as described in this section, such
27  acknowledgement shall constitute prima facie evidence that the patient
28  gave his or her informed consent to the treatment administered and the
29  patient has the burden of rebutting this by clear and convincing
30  evidence. An acknowledgement of shared decision making shall include:
31      (a) A statement that the patient, or his or her representative, and
32  the health care provider have engaged in shared decision making as an
33  alternative means of meeting the informed consent requirements set
34  forth by laws, accreditation standards, and other mandates;
35      (b) A brief description of the services that the patient and
36  provider jointly have agreed will be furnished;
```

```
 1        (c) A brief description of the patient decision aid or aids that
 2   have been used by the patient and provider to address the needs for (i)
 3   high-quality, up-to-date information about the condition, including
 4   risk and benefits of available options and, if appropriate, a
 5   discussion of the limits of scientific knowledge about outcomes; (ii)
 6   values clarification to help patients sort out their values and
 7   preferences; and (iii) guidance or coaching in deliberation, designed
 8   to improve the patient's involvement in the decision process;
 9        (d) A statement that the patient or his or her representative
10   understands:  The risk or seriousness of the disease or condition to be
11   prevented or treated; the available treatment alternatives, including
12   nontreatment; and the risks, benefits, and uncertainties of the
13   treatment alternatives, including nontreatment; and
14        (e) A statement certifying that the patient or his or her
15   representative has had the opportunity to ask the provider questions,
16   and to have any questions answered to the patient's satisfaction, and
17   indicating the patient's intent to receive the identified services.
18        (3) As used in this section, "shared decision making" means a
19   process in which the physician or other health care practitioner
20   discusses with the patient or his or her representative the information
21   specified in subsection (2) of this section with the use of a patient
22   decision aid and the patient shares with the provider such relevant
23   personal information as might make one treatment or side effect more or
24   less tolerable than others.
25        (4) As used in this section, "patient decision aid" means a
26   written, audio-visual, or online tool that provides a balanced
27   presentation of the condition and treatment options, benefits, and
28   harms, including, if appropriate, a discussion of the limits of
29   scientific knowledge about outcomes, and that is certified by one or
30   more national certifying organizations.
31        (5) Failure to use a form or to engage in shared decision making,
32   with or without the use of a patient decision aid, shall not be
33   admissible as evidence of failure to obtain informed consent.  There
34   shall be no liability, civil or otherwise, resulting from a health care
35   provider choosing either the signed consent form set forth in
36   subsection (1)(a) of this section or the signed acknowledgement of
37   shared decision making as set forth in subsection (2) of this section.
```