

# STATE OF WASHINGTON
## DEPARTMENT OF HEALTH
*Olympia, Washington 98504*

October 16, 2014

Gabriella Kertesz
9702 1st Ave NW
Seattle, WA 98117-2007

Re:   2014-8366 – Swedish Medical Center - First Hill
      2014-8503 – Sarah Grace Sliva, MD

Dear Gabriella Kertesz:

Thank you for submitting your concern about Swedish Medical Center - First Hill.

Based on the information provided, the Secretary of Health has closed case #2014-8366 on Swedish Medical Center - First Hill. We take your concerns seriously. However, we did not authorize an investigation because the conduct alleged in the report posed minimal risk of harm to public health, safety or welfare, or because we cannot identify a violation of the law. We may reconsider this decision if we receive new information or identify a pattern of similar concerns.

The Medical Quality Assurance Commission has responsibility for case #2014-8503 on a Sarah Grace Sliva, MD. You will be notified separately of their decision on this case.

You have the right to request any publicly disclosable information contained in the file. To do so, you must submit a written request to the Department of Health, Public Disclosure and Records Center, PO Box 47865, Olympia, WA 98504-7865; fax 360-586-2171; email pdrc@doh.wa.gov.

If you have questions, please contact us at (360) 236-2620 or email us at hsqacomplaintintake@doh.wa.gov.

Sincerely,

Paige Fury
Customer Service Office

(360) 236-2750

Contacted governor's office: 360-902-4111
(2-3 weeks prior) 10/23/2014



**STATE OF WASHINGTON**
**DEPARTMENT OF HEALTH**
MEDICAL QUALITY ASSURANCE COMMISSION
*PO Box 47866, Olympia, WA 98504-7866*

October 22, 2014

Gabriella Kertesz
9702 - 1st Ave NW
Seattle, WA 98117

RE:   Sarah G. Sliva, MD
      Case No.: 2014-8503MD

Dear Ms. Kertesz:

Thank you for your recent letter in which you expressed concerns regarding an allegation of unprofessional conduct.

A panel of the Medical Quality Assurance Commission reviewed the issues raised in your report and determined they do not meet the criteria established for cases which are to be investigated. Specifically, no violation of the law occurred. As a result, this case has been closed. You may request reconsideration within 30 days of receiving this letter if you have new information to submit.

Thank you for bringing your concerns to the attention of the Medical Quality Assurance Commission. If you have any questions, please call me at (360)236-2758 or contact me by email at melissa.mceachron@doh.wa.gov.

Sincerely,

Melissa McEachron, Projects Manager
Medical Quality Assurance Commission

*Submitted for reconsideration 10/29/2014*



**STATE OF WASHINGTON**
**DEPARTMENT OF HEALTH**
MEDICAL QUALITY ASSURANCE COMMISSION
*PO Box 47866, Olympia, WA 98504-7866*

December 18, 2014

Gabriella Kertesz
9702 - 1st Ave NW
Seattle, WA 98117-2007

Re:   Case Number 2014-8503MD

Dear Ms. Kertesz:

The Medical Quality Assurance Commission (Medical Commission) completed its evaluation of your request for reconsideration concerning the closure of your complaint against Sarah G. Sliva, MD. A request for reconsideration is a one-time opportunity to ask the Medical Commission to reconsider its decision to close your complaint. The Medical Commission takes each request for reconsideration seriously.

The Medical Commission is the entity within Washington State with legislated authority to license physicians and physician assistants, to investigate complaints, and to take disciplinary action against a physician's or physician assistant's license in order to prevent patient harm and to protect public health and safety. The Medical Commission does not have the legal authority to invoke or enforce civil or criminal penalties.

The Medical Commission received your request for reconsideration and accompanying information. A panel of the Medical Commission carefully reviewed your information, in conjunction with the original complaint. The Medical Commission panel determined that the information you supplied does not support the allegation that Dr. Sliva acted in a manner that violated Washington laws regulating the practice of medicine. As such, the evidence still does not meet the criteria of cases the Medical Commission investigates. Therefore, this case remains closed.

Once again, thank you for bringing your concerns to the Medical Quality Assurance Commission's attention.

Sincerely,

Melissa McEachron, Projects Manager
melissa.mceachron@doh.wa.gov



Gabi Kertesz <gaboca@gmail.com>

## Department of Health - complaint information as requested
4 messages

**Defreyn, Marc D (DOH)** <Marc.Defreyn@doh.wa.gov>  Fri, Jan 24, 2020 at 11:53 AM
To: "gaboca@gmail.com" <gaboca@gmail.com>

Ms. Gabi Kertesz,

Your e-mail (attached) has come to me and I hope I can address some of your questions. First and foremost, thank you for recognizing the volume of reports our agency receives; our goal is always to ensure patient safety first and foremost. As is true in health care (and probably life in general!), we have to prioritize our work and also be mindful of the financial resources we receive to conduct our business. We must remain good stewards of public funds, while ensuring healthcare providers practice with reasonable skill and safety.

My office receives and processes all reports on healthcare providers and facilities under our jurisdiction except those under the jurisdiction of the Washington State Medical Commission (who has jurisdiction over medical doctors and physician assistants) and the Washington State Nursing Care Quality Assurance Commission (who has jurisdiction over advanced registered nurse practitioners, registered nurses and licensed practical nurses). I cannot speak to the process for those two entities. Here is their respective website:

https://wmc.wa.gov/

https://www.doh.wa.gov/LicensesPermitsandCertificates/NursingCommission

My office receives and processes over 13,000 complaints per year. With respect to your nine specific questions:

1) Nine staff receive and process complaints on healthcare providers and healthcare facilities we regulate

2) If the Secretary of Health has statutory jurisdiction, a Case Management Team assesses the complaint. This team consists of a Case Manager, Supervising Staff Attorney, Supervising Investigator and Executive Director. If the profession is regulated by a governor-appointed Board or Commission, then by law at least three members of the profession must review the complaint. RCW 18.130.040 establishes which professions are regulated by what entity. https://app.leg.wa.gov/RCW/default.aspx?cite=18.130.040

3) Under Chap. 246-14 WAC, we have 21 days to assess a complaint to determine if an investigation is warranted. https://app.leg.wa.gov/WAC/default.aspx?cite=246-14

4) Under the rule cited above, we have 170 days to conduct an investigation

5) The criteria to determine if a case should be investigated is if there is "reason to believe" a license holder "may have engaged" in unprofessional conduct as that term is defined in statute. https://app.leg.wa.gov/RCW/default.aspx?cite=18.130.080

6) We do not have one source-document, per se, with respect to this – but what we do have is a report we must file with the Legislature every two years which we simply call the "Health Professions Discipline and Regulatory Activities" report. This report provides a wealth of information – the report is required to detail the number of complaints

made, investigated, and adjudicated and manner of disposition. Our reports are all available online, going back in some cases as far back as 1921; the most recent report is dated 2015-2017 and is over 115 pages long and has a wealth of statistics regarding the disciplinary process. The reports can be found here: https://www.doh.wa.gov/AboutUs/ProgramsandServices/HealthSystemsQualityAssurance/ReportsandGuidanceDocuments/HealthProfessionsRegulatoryActivitiesUDA

7) Please see the attached document with the professions-code list

8) "Z legacy" means a case prior to 2008 in our old database system. "Master Case" means a case that was investigated and legal action authorized – this is not a legal term but rather as a result of our database created in 2008. "BT" means "below threshold" - meaning that the case did not warrant further action. BT is unique to most professions, but generally could include "billing disputes," "insufficient information in the complaint," "if allegations are true, no violation of law," and "complaint referred to another agency" (e.g., DSHS, LNI, etc.)

9) There are no legal definitions for the terms you note in this question. We categorize complaints as the most appropriate given how the complaint is written. Some complaints may be one or two sentences, some complaints may be 10-15 pages and we've received complaints over 100 pages long. We attempt as best to succinctly capture the essence of the complaint.

I would not say that "patient rights" allegations are rejected, rather I would say that, based on Question Number 5 above, we have to have sufficient information to believe that a violation of law occurred. If the complaint we receive is not a violation of the laws we can enforce, we cannot take action. We can only take action on an act (or absence of an act) that constitutes "unprofessional conduct." The Legislature has outlined 27 acts that constitute "unprofessional conduct" and this can be found in RCW 18.130.180. https://app.leg.wa.gov/RCW/default.aspx?cite=18.130.180.

I do not mean to imply that "patient rights" does not imply a patient may not have been harmed – it just may be outside of our statutory jurisdiction. For example, most billing disputes may be better addressed by the Office of Insurance Commissioner or the Consumer Protection Division of the Attorney General or the Health Care Authority; certain acts constitute crimes that must be addressed by local law enforcement and complaints about rude behavior by staff is often better addressed by the employer or hospital ombudsman and some complaints we receive have already been resolved by another agency or the employer/provider themselves (e.g., if we get a complaint that person did not receive their medical records but that issue has since been resolved, we would close the matter).

I hope you find this information helpful.

Respectfully,

**Marc D. Defreyn**

Director, Office of Investigative & Legal Services

Health Systems Quality Assurance Division

Washington State Department of Health

marc.defreyn@doh.wa.gov





Gabi Kertesz <gaboca@gmail.com>

## Department of Health - complaint information as requested

**Defreyn, Marc D (DOH)** <Marc.Defreyn@doh.wa.gov>  Tue, Jan 28, 2020 at 11:05 AM
To: Gabi Kertesz <gaboca@gmail.com>

Hello,

The law is a fascinating creature and of course the challenge is always reading it in harmony. Chap. 7.70 RCW is a law that addresses actions for injuries resulting from healthcare (indeed, that is what this Chapter of the law is called). In short, this law addresses cases in tort (private law suits) and what is required to show for a private lawsuit regarding informed consent (or lack thereof). https://app.leg.wa.gov/RCW/default.aspx?cite=7.70

==We do not enforce Chap. 7.70 RCW – this is a law that regarding private medical malpractice lawsuits.==

Having said that, and while I cannot speak directly for the Washington Medical Commission, short of rendering emergent care (RCW 18.71.220) [https://app.leg.wa.gov/RCW/default.aspx?cite=18.71.220], I believe an allegation that a provider performed a procedure without patient consent would likely fall below the standard of care – a potential violation of RCW 18.130.180(4) [https://app.leg.wa.gov/RCW/default.aspx?cite=18.130.180]. In that regard, while lack of informed consent may or may not rise to the level of a private cause of action, independently such an allegation would be assessed and, if warranted, would be investigated.

I hope this helps.

[Quoted text hidden]