The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIELLA KERTESZ, pro se and all other similarly situated citizens,<br><br>                  Plaintiff,<br>v.<br><br>BOB FERGUSON,<br>                  Defendant. | NO. 2:20-CV-00372-RAJ-BAT<br><br>DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(b)(1), (6)<br><br>NO ORAL ARGUMENT REQUESTED<br><br>NOTE ON MOTION CALENDAR: MAY 1ST, 2020 |

## I.   INTRODUCTION AND RELIEF REQUESTED

Defendant, BOB FERGUSON, respectfully moves to dismiss this action for lack of subject matter jurisdiction under the Federal Rules of Civil Procedure 12(b)(1) and failure to state a claim upon which relief may be granted under the Federal Rules of Civil Procedure 12(b)(6).

## II.   STATEMENT OF FACTS

Plaintiff filed this Complaint on March 13, 2020. Plaintiff identifies the defendant as Bob Ferguson, Attorney General of the State of Washington.

According to the exhibits filed with the Plaintiff's complaint, Plaintiff filed a claim in small claims court against Swedish Hospital on January 6, 2015. Plaintiff's Exhibit 7. This claim was dismissed on March 5, 2015, on the basis that the Plaintiff did not establish malpractice by a preponderance of the evidence. Plaintiff's Exhibit 7.

DEF.['S] MOT. TO DISMISS UNDER
RULE 12(b)(1), (6)
NO. 2:20-CV-00372-RAJ-BAT

1

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
360-586-6500

Plaintiff's allegations in the current matter appear to stem from the dismissal of this claim. Plaintiff alleges the operation of RCW 7.70.060 is unconstitutional and asserts that the Defendant cannot defend the law. Plaintiff seeks relief in the form of an amendment to RCW 7.70.060.

### III. ARGUMENT

**A. The Complaint Must Be Dismissed Because Plaintiff Has Failed to Allege a Claim Sufficient to Invoke This Court's Jurisdiction**

The federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256, 133 S. Ct. 1059, 185 L. Ed. 2d 72 (2013). Consequently, the federal courts presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994)(citation omitted).

Plaintiff lacks Article III standing necessary to invoke this Court's jurisdiction. Lack of standing is properly raised in a motion to dismiss under Fed. R. Civ. Proc. 12(b)(1). *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). There are three (3) requirements to establish Article III standing: (1) an alleged harm suffered by the plaintiff that is "concrete" and "actual or imminent," (2) "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of defendant," and (3) a likelihood that the requested relief will redress the alleged injury. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–03, 118 S. Ct. 1003 (1998). "This triad of injury in fact, causation, and redressability comprises core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears burden of establishing its existence." *Id.* at 103–04.

Plaintiff's Complaint suggests that Plaintiff's alleged harm stems from an action in small claims court against Swedish Hospital. Complaint at p. 9; Plaintiff's Exhibit 7. That action was dismissed with prejudice on the basis that Plaintiff did not establish malpractice by a preponderance of the evidence. Complaint at 9; Plaintiff's Exhibit 7.
DEF.['S] MOT. TO DISMISS UNDER RULE 12(b)(1), (6) NO. 2:20-CV-00372-RAJ-BAT     2     ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
360-586-6500

There is no need to speculate about the nature of the Plaintiff's harm here because her claim does not meet the second and third requirements for Article III standing. There is no connection between Plaintiff's alleged harm and any conduct by Defendant. Plaintiff asserts that the Defendant is responsible for "fighting the unconstitutionality of RCW 7.70.060" and has failed to do so. Complaint at p. 10. This bare allegation does not establish causation and redressability as required for Article III standing. The harm alleged by Plaintiff relates to actions by Swedish Hospital, not by the Defendant.

On the face of the Complaint, Plaintiff has not carried her burden of establishing causation and redressability, and, therefore, she lacks Article III standing.

**B.  The Complaint Must be Dismissed Because Plaintiff Has Failed to Make Allegations to State a Claim for Relief and Because the Law Does Not Support a Claim for Relief**

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(6) when there are insufficient factual allegations to state a claim for relief, *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009), or when the law does not support a claim for relief. *Neitzke v. Williams*, 490 U.S. 319, 326, 109 S. CT 1827, 104 L. Ed 2d 338 (1989); *Seismic Reservoir, Inc. v. Paullson*, 785 F.3d 330 (9th Cir. 2015). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678.

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). While the court can liberally construe a *pro se* plaintiff's complaint, it cannot supply an essential fact that the plaintiff has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992) (quoting *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). A motion to dismiss only admits, for the purposes of the

DEF.['S] MOT. TO DISMISS UNDER
RULE 12(b)(1), (6)
NO. 2:20-CV-00372-RAJ-BAT

3

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
360-586-6500

motion, all well pleaded facts in the complaint, as distinguished from conclusory allegations. *Mitchell v. King*, 537 F.2d 385, 386 (10th Cir. 1976); *see also*, *Jones v. Cmty. Redevelopment Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (conclusory allegations unsupported by facts are insufficient to state a claim under 42 U.S.C. § 1983).

Here, the Plaintiff's Complaint does not plead sufficient facts to state a claim under 42 U.S.C. § 1983 or U.S. Const. amend. XIV. The conclusory allegations of the Complaint are insufficient to state a claim that is plausible on its face, and the law does not support the claim for relief.

### 1. A State Official Acting in His or Her Official Capacity is Not A "Person" Under 42 U.S.C. § 1983

Plaintiff alleges Defendant violated 42 U.S.C. § 1983 by defending RCW 7.70.060. 42 U.S.C. § 1983 states:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

A state agency is not a "person" under 42 U.S.C. § 1983, nor is a state official acting in his or her official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id.* (citations omitted).

Here, Plaintiff appears to name Bob Ferguson acting in his official capacity as Attorney General of the State of Washington. Consequently, all claims against the Defendant

DEF.['S] MOT. TO DISMISS UNDER
RULE 12(b)(1), (6)
NO. 2:20-CV-00372-RAJ-BAT

4

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
360-586-6500

under 42 U.S.C. § 1983 must be dismissed.

### 2. Plaintiff's Allegations are Insufficient to Support a Claim for Relief Under 42 U.S.C. 1983

Even if Defendant were susceptible to a claim for relief under 42 U.S.C. 1983, Plaintiff provides no reasonable basis on which the Defendant is alleged to have acted under color of state law to deprive her of her rights. Plaintiff challenges RCW 7.70.060, which concerns a health care provider's use of informed consent forms. Chapter 7.70 RCW relates to private causes of action against health care providers for injuries resulting from health care, including breach of the duty to secure informed consent regarding treatment. The State has no role in enforcing this statute, as it relates to private causes of action between a provider and an individual.

### 3. Plaintiff's Allegations Are Insufficient to Support a Claim that RCW 7.70.060 is Unconstitutional

Plaintiff appears to allege that RCW 7.70.060 is unconstitutional because it denies equal protection of the law in violation of the Fourteenth Amendment. U.S. Const. amend. XIV provides, "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." On the face of the Complaint, Plaintiff has not established a claim under the Equal Protection Clause.

"The Equal Protection Clause does not forbid classifications." *Nordlinger v. Hahn*, 505 U.S. 1, 10, 112 S. Ct. 2326, 120 L. Ed. 2d 1 (1992). "It simply keeps governmental decision makers from treating differently persons who are in all relevant respects alike." *Id.* (citation omitted); *see also Honolulu Weekly, Inc. v. Harris*, 298 F.3d 1037, 1047 (9th Cir. 2002) ("The Equal Protection Clause directs that 'all persons similarly circumstanced shall be treated alike.' " (quoting *Plyler v. Doe*, 457 U.S. 202, 216, 102 S. Ct. 2382, 72 L. Ed. 2d 786 (1982))). "Evidence of different treatment of unlike groups does not support an equal protection claim." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1168 (9th Cir. 2005)

DEF.['S] MOT. TO DISMISS UNDER
RULE 12(b)(1), (6)
NO. 2:20-CV-00372-RAJ-BAT

5

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
360-586-6500

(citation omitted).

Where a statute, ordinance, or rule does not concern a suspect or semi-suspect class or a fundamental right, courts apply rational basis review and simply ask whether the statute is "rationally related to a legitimate governmental interest." *Honolulu Weekly, Inc. v. Harris*, 298 F.3d 1037, 1047 (9th Cir. 2002) (quoting Ball v. Massanari, 254 F.3d 817, 823 (9th Cir. 2001)).

Plaintiff's Complaint alleges a violation of equal protection because RCW 7.70.060 treats patients and providers differently. This allegation does not involve a suspect class or fundamental right. Therefore, the proper standard is whether RCW 7.70.060 is rationally related to a legitimate governmental interest.

The governmental interest at issue is the availability of high quality, affordable, and accessible health care. RCW 7.70.060 promotes this governmental interest by facilitating the use of consent forms by providers while giving patients the ability to rebut the existence of a signed consent form. The statute states that a signed consent form shall constitute prima facie evidence that a patient gave his or her informed consent to treatment, and the patient has the burden of rebutting this form by a preponderance of the evidence. RCW 7.70.060(1). However, failure to use a standard consent form shall not be admissible of failure to obtain informed consent. RCW 7.70.060(5).

The language in RCW 7.70.060 strikes a rational balance between the patient's right to be informed of material facts relating to treatment, with the provider's ability to provide high quality and accessible health care. Consequently, RCW 7.70.060 is rationally related to the legitimate governmental interest of promoting access to high quality and affordable health care. The law does not support a claim for relief, and Plaintiff's Complaint must be dismissed.

/ / /

/ / /

/ / /

DEF.['S] MOT. TO DISMISS UNDER RULE 12(b)(1), (6)
NO. 2:20-CV-00372-RAJ-BAT

6

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
360-586-6500

### IV. CONCLUSION AND RELIEF REQUESTED

Plaintiff has not carried her burden of establishing Article III standing to invoke this Court's jurisdiction. As discussed above, she has not met the causation or redressability elements of Article III standing.

Additionally, Plaintiff has failed to state a claim for which relief can be granted. The claims against Defendant under 42 U.S.C. § 1983 must be dismissed because the Defendant is a state official acting in his official capacity, and therefore does not constitute a "person" for purposes of 42 U.S.C. § 1983. The claims against Defendant for violation of equal protection under U.S. Const. amend. XIV must be dismissed because the law does not support a claim for relief.

### V. PROPOSED ORDER

A proposed order granting the relief requested accompanies this motion. DATED this 3rd day of April, 2020.

ROBERT W. FERGUSON
Attorney General

KELSEY L. MARTIN, WSBA No. 50296
Assistant Attorney General
Agriculture and Health Division
Attorneys for Defendant Bob Ferguson
360-586-6470

DEF.['S] MOT. TO DISMISS UNDER
RULE 12(b)(1), (6)
NO. 2:20-CV-00372-RAJ-BAT

7

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
360-586-6500

# CERTIFICATE OF SERVICE

I hereby certify that on April 3, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

UNITED STATES WESTERN DISTRICT COURT CLERK
SEATTLE, WA

GABRIELLA KERTESZ
9702 1ST AVE NW
SEATTLE, WA 98117

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 3rd day of April, 2020, at Tumwater, WA.

*Jessica May*
JESSICA MAY
Legal Assistant

DEF.['S] MOT. TO DISMISS UNDER
RULE 12(b)(1), (6)
NO. 2:20-CV-00372-RAJ-BAT

8

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
360-586-6500