The Honorable Richard A. Jones

United States District Court
for the Western District of Washington

CASE NO.  2:20-CV-00372-RAJ-BAT

EN BANC HEARING REQUESTED
ORAL ARGUMENT REQUESTED

RESPONSE TO DEFENDANT'S MOTION TO DISMISS

### I.    The Parties to this complaint:

Plaintiff:    Gabriella Kertesz pro se and all other similarly situated citizens

Defendant:        Bob Ferguson
                  Attorney General of Washington State
                  800 Fifth Ave
                  Suite 2000
                  Seattle, WA 98104
                  206-464-6763
                  publicrecords@atg.wa.gov

### II.    Response

The Attorney General states on page 2 (line 6) of his Motion to Dismiss:

*"The Complaint Must Be Dismissed Because Plaintiff Has Failed to Allege a Claim Sufficient to Invoke This Court's Jurisdiction"*

1

Should plaintiffs' complaint be dismissed, it will not be for failing to state a claim sufficient to invoke jurisdiction.

Utilizing the law to protect only the lawbreakers violates fundamental principles of law. Such violation can only occur when ministerial duty is breached. The judiciary is bound by oath to uphold the principles of law that are the foundation of our justice system. While our legislature and executive branch can turn away from a troublesome truth, that does not hold true for the judiciary.

RCW 7.70.060 must be constitutionalized, so the law can extend its protection to those whom it is meant to protect. The law is gracious and extends a lifetime of protection to those who are willing to fight for it.

The Attorney General states on page 4 (line 9) of his Motion to Dismiss:

*"A State Official Acting in His or Her Official Capacity is Not A "Person" Under 42 U.S.C. § 1983 Plaintiff alleges Defendant violated 42 U.S.C. § 1983"*

Judge Rufus Wheeler Peckham ingeniously circumvented state immunity **for the sake of justice** in a seminal case of Ex parte Young.

To quote some famous words from that case:

*"While this court will not take jurisdiction if it should not, it must take jurisdiction if it should. It cannot, as the legislature may, avoid meeting a measure because it desires so to do."*

On 3/13/2020 Bob Ferguson was served a summon and complaint in *his individual capacity.* There is no lawsuit against a public official just in his official capacity. The Attorney General's individual responsibility cannot hide behind state immunity.

Below is the reasoning underlying the ruling of Ex parte Young:

*If government officials attempt to enforce an unconstitutional law,* ***sovereign immunity does not prevent people whom the law harms from suing those officials in their***

2

*individual capacity for injunctive relief. This is because they are not acting on behalf of the state in this situation.*

*Rejecting Young's argument that he was acting on behalf of the state, the Court found that **an official who engages in an unconstitutional action cannot be held to be performing it on behalf of the state**, even if the official complies with the state's own laws. Peckham reached this curious result based on the Supremacy Clause, which makes the Constitution superior to all contrary laws. **Violating the Supremacy Clause reduces a government official to the level of a private citizen, who can be sued.** In arriving at this conclusion, Peckham managed to find that **the official could be a state actor under the Fourteenth Amendment,** which meant that his infringements on due process rights could be challenged, **but a private individual under the Eleventh Amendment,** which meant that he also could be sued.*

The Attorney General states on page 3 (line 23) of his Motion to Dismiss:

*"While the court can liberally construe a pro se plaintiff's complaint, it cannot supply an essential fact that the **plaintiff has failed to plead.** "*

Ms. Kertesz is a citizen litigant with no formal training in the law. A citizen litigant bringing a constitutional violation to federal court is pleading in itself. She believes that laws are not meant to be interpreted, but are made to be understood. She is a Washington state citizen who demands that the equal protection of RCW 7.70.060 be extended to those whom this law is purported to protect: patients. It is prayed that she is granted a fair hearing in federal court.

To those who understand the law, RCW 7.70.060 reads as such: patients have a law given right for signed consent forms for every transaction. When that law given right is violated (no forms provided), then the healthcare sector must be denied payments for their services. Collecting payments in the absence of signed consent forms is unlawful. The law's powerful protection (granting payment for services) can only be deployed when prima facie evidence of consent is present. That is how the law reads when the law is understood. *Non in legendo sed in intelligendo leges consistunt.*

The law must extend its equal protection to patients by mandating the use of signed consent forms for every transaction. The law's remedy is a continuous channeling of up to date truthful information into the hands of patients when they need it the most: before the service takes place. This is why the relief takes the form of a *preventive injunctive relief*. A few extra minutes of the healthcare sector's time can save many lives. These forms will protect both patients and providers. We have all the technological tools ready for the  implementation of signed consent forms.

In an effort to plead her case, Ms. Kertesz will briefly mention her mistreatment at the hands of the healthcare sector. She is not in federal court to seek remedy for the harm that was done to her, but to plead for an intervention that will prevent harm to others. She hopes that by telling her story, the Attorney General will better understand why he is brought to federal court.

The widespread unnecessary use of CT imaging has been well documented in medicine. There were 3 million CT scans performed in 1980. Nearly 80 million CT scans are ordered every year now, generating billions in profit for the healthcare sector.

Ms. Kertesz's 8 year old daughter was subjected to a medically unnecessary CT scan on July 4, 2014. Not only was Ms. Kertesz deprived of her right to give her consent to the scan, she was downright misled about the radiation dose by Swedish hospital. A non-profit hospital raked in thousands in profit for a medically unnecessary 5 minute CT scan. When Ms. Kertesz complained about the substandard care, she was told not to worry about the risks of CT radiation, as *only* a *minimal percentage of people die* of CT induced malignancies (brain cancer, leukemia). It has been documented that information about the risks of CT imaging is commonly withheld from patients. In addition to not disclosing risks, alternatives are also denied. As a result, CT imaging exploded into a multibillion dollar business. Indiscriminate use leads to indiscriminate harm. Ms. Kertesz objects to the injurious reasoning that is used to justify the use of unnecessary CT imaging. "Negligible risks" pose real non-negligible harm for patients. When patients are not told about the risks and are denied alternatives, they are deprived of their rights to make an informed decision. Most of all, they are deprived of their rights to say no. Ms. Kertesz trusted the medical profession and never had expected a doctor to be so ignorant and careless. Ms. Kertesz erred in her judgment of the profession, as she had an unconscious bias that doctors would never administer a treatment with potential harm if there was a safe alternative. If

Ms. Kertesz had been just told the true dosage of the scan, she would never have allowed her daughter to undergo it. Ms. Kertesz has a good dose of common sense: her daughter's condition did not warrant such a risky test.

Most parents would forego such a risky procedure if they were informed about a safe alternative to CT imaging. When children exhibit signs of concussion (was the case for Ms. Kertesz's daughter), observation is a **proven** safe alternative for the first 6 hours.

At hour four they took my daughter to be CT scanned without my consent. I asked about the dose of radiation before the scan took place. I was told that the radiation of a CT scan is about 4-5 x-rays. It was a total lie. It turns out that a CT scan is anywhere between 100-1000 x-rays. The most vulnerable group for CT induced malignancies are children, as their cells are rapidly dividing due to growth. Days after the scan, my daughter broke out in a radiation rash.

Truthful information about the risks of the scan would have saved my daughter from a medically unnecessary, risky and costly scan. I learned belatedly that a pediatric shared decision-making protocol (the use of which our Legislature promised to the people of Washington state) was in place at Swedish hospital to shield children from unnecessary radiation. The protocol (PECARN rules) instructed the doctor to *involve me* in the shared decision-making process, as there are *real risks* associated with the use of CT imaging that a parent should know about. I was never told about the real risks, was misled about the radiation dosage and was denied the safe alternative. My consent was fabricated into medical records, leaving an electronic trail of evidence of my doctor's attempt to *fake* my informed consent. The CT scan came back negative, just as the pediatric protocol had predicted it. What use is a shared decision-making protocol when patients are denied its benefits?

In 2015, Ms. Kertesz pleaded with Swedish hospital, the AGO, the DOH and judge Anne Harper to enforce the use of decision aids/consent forms for CT scans. Her pleas for the enforcement of consent forms fell on deaf ears. Denying the use of consent forms to patients is a major violation of patient rights, as the law mandates the use of such forms. Forcing patients to pay for services in the absence of prima facie evidence is unauthorized by law and should be considered fraud.

Based on the recommendations of the blue ribbon commission, Washington state Legislature amended several existing Washington state laws in 2007 (Exhibit 2),

including the one on informed consent (RCW 7.70.060). The State of Washington promised to empower patients with decision aids/consent forms, so they can *choose* between treatment alternatives. Based on this *empty promise of increased protection to patients,* our Legislature amended RCW 7.70.060 by granting *concrete unprecedented legal protection* to the healthcare sector (voided  liability for prima facie evidence). In essence, the amendment secured an automatic acquittal in a court of law for the healthcare sector for *informed consent violations* (Exhibit 5). A guaranteed acquittal in a trial is the opposite of justice. Such trials make a mockery of our courts and rock the foundation of our entire justice system.

The American patients live in involuntary servitude: they are continually denied the right to give their informed consent and are forever deprived of due process of law when they dare to question the consent they could never give. In addition to truly necessary services, patients are forced to pay for substandard, unnecessary services performed without their informed consent. Yet again, a large portion of our economy is built on the exploitation of a disadvantaged class: the American patients. As we all need medical care at certain stages of our lives, we are all victims of our own healthcare system. History has a way of repeating itself.

The 14th and the 13th Amendment of the U.S. Constitution came into existence in order to protect the people from such oppressive treatment. We are violating our own constitution when we allow such exploitation.

The Attorney General states on page 6 (line 7):

*"Plaintiff's Complaint alleges a violation of equal protection because RCW 7.70.060 treats patients and providers differently. **This allegation does not involve** a suspect class **or fundamental right.** Therefore, the proper standard is whether RCW 7.70.060 is rationally related to a legitimate governmental interest."*

*The court of appeals in Miller v. Kennedy **held** that....**the duty to disclose material facts existed as a matter of law**. In addition, the supreme court opinion stated per curiam: " Our review of the record convinces us that the Court of Appeals did not err in its discussion or disposition of the issues involved. We can add nothing*

6

*constructive to the well considered opinion of that court and, accordingly, approve and adopt the reasoning thereof. "*

The right to give informed consent has always existed in theory, but was never secured in reality. Plaintiffs believe that giving informed consent is a deeply personal decision that can only be made when patients are given meaningful choices of different treatment modalities. The preventive injunctive relief secures our rights to give our true informed consent by allowing us to make decisions for our own selves through consent forms. The forms are generated by a self-correcting learning system (intelligent database) for the benefit of all of us. The system is powered by our collective input and is able to give us continuous feedback based on real data. Such a system will allow us to weather through future pandemics without destroying our economy. It is the future for all of us. Best of all: the use of consent forms is built on fundamental principles of law, so we cannot go wrong by implementing it.

After the 2007 amendment, the use of signed consent forms should have been mandated. The unconstitutionality of RCW 7.70.060 lies in Washington state government's failure to mandate. As the failure is due to governmental oversight, the government must self-correct. The judiciary branch of our government has the power and the duty to intervene and correct the course of justice. Plaintiffs have provided evidence that Washington state judges are failing their ministerial duties. This case was brought to federal court, so our government can self-correct by securing the people's right for informed consent.

The Attorney General states on page 5 (line 9):

*"The **State has no role** in enforcing this statute, as it relates to private causes of action between a provider and an individual."*

**The State plays an active role in enforcing RCW 7.70.060 in private lawsuits for the sole protection of the healthcare sector**. It has been argued in the original complaint that **the State fails to enforce** RCW 7.70.060 **for the protection of patients** (in this regard Bob Ferguson is right).

**Bob Ferguson is unconstitutionally enforcing RCW 7.70.060** when he advises the DOH to reject all informed consent violation complaints. It has been argued

in the complaint that all informed consent violation cases without prima facie evidence should yield a verdict in plaintiffs' favor in a court of law. The State's job is to deny payments for all services for which no prima facie evidence of consent can be produced. Bob Ferguson and John Wiesman have both taken the oath to uphold **all** Washington state laws. By rejecting informed consent violation cases, our elected officials are denying due process of law to plaintiffs. Not only are plaintiffs rejected, they are downright misled about their rights when they are led to believe that no violation of the law occured. The unceasing flow of patient complaints flooding the DOH is proof that people innately believe in their rights to give their informed consent. The people's rights for informed consent must be secured to stop the flow of complaints.

The Attorney General states on page 6 (line 21):

*"RCW 7.70.060 is rationally related to the legitimate governmental interest of promoting access to high quality and affordable health care. **The law does not support a claim for relief.**"*

To say that the law does not support plaintiffs' claim for relief is absurd. Plaintiffs have argued that it is not the law that is lacking in Washington state, but the enforcement of it. Consent forms are already being utilized by the healthcare sector, so the law obviously supports the claim for relief. The legal protection of consent forms must be extended to patients for every transaction. Once consent forms are signed, the legal protection belongs to the healthcare sector by law, as they are deemed to have performed their duty. Currently, only the healthcare sector enjoys the legal protection of RCW 7.70.060.

Plaintiffs are in federal court to fight for a relief that is their right by law. Plaintiffs are asking for the equal protection of RCW 7.70.060.

### III. Conclusion

Plaintiffs reject the reasoning behind the Attorney General's argument for his Motion to Dismiss. The Attorney General is not the enemy of plaintiffs. He is brought

to federal court, because there is no other way to fight the unconstitutionality of RCW 7.70.060.

Ms. Kertesz will defend every word of the complaint using only the basic principles of law. In sheer desperation to be heard, she is proving a self-evident truth through a legal theorem.

## IV.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:  4/20/2020
Signature of Plaintiff:   *Gabriella Szőke*
Printed Name of Plaintiff:      Gabriella Kertesz
                                 9702 1st Ave NW
                                 Seattle, WA 98117
                                 Tel: 425-243-2287
                                 Email: gaboca@gmail.com

9

## CERTIFICATE OF SERVICE

I hereby certify that on April 20, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

UNITED STATES WESTERN DISTRICT COURT CLERK SEATTLE, WA

Bob Ferguson
Attorney General of Washington State
800 Fifth Ave
Suite 2000
Seattle, WA 98104

KELSEY L. MARTIN, WSBA No. 50296
Assistant Attorney General
Agriculture and Health Division
Attorneys for Defendant Bob Ferguson

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct. DATED this 20th day of April, 2020, at Seattle, WA.

_Gabriella Kertesz_

Gabriella Kertesz pro se