The Honorable Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIELLA KERTESZ,<br>pro se and all other similarly situated citizens,<br><br>                     Plaintiff,<br>  v.<br><br>BOB FERGUSON,<br>                     Defendant. | NO. 2:20-CV-00372-RAJ-BAT<br><br>DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO DISMISS |

Defendant, BOB FERGUSON, respectfully submits the following Reply to the Plaintiff's Response to Defendant's Motion to Dismiss.

## I.    AUTHORITY AND ARGUMENT

**A.    The Complaint Must Be Dismissed Because Plaintiff Lacks Article III Standing Necessary to Invoke This Court's Jurisdiction**

Plaintiff's Response further shows that Plaintiff lacks Article III standing. A plaintiff must satisfy the threshold requirements of Article III to invoke the jurisdiction of the federal courts. *Los Angeles v. Lyons*, 461 U.S. 95, 101, 103 S. Ct. 1660, 75 L. Ed. 2d 675 (1983). These requirements are: (1) the plaintiff must have suffered an "injury in fact" that is "concrete and particularized" and "actual or imminent;" (2) "there must be a causal connection between the injury and the conduct complained of;" and (3) it must be likely, not hypothetical, that the plaintiff's injury will be redressed by a favorable decision. *Lujan v. Def. of Wildlife*, 504 U.S.

DEF.'S REPLY TO PL.'S MOT. TO DISMISS
NO. 2:20-CV-00372-RAJ-BAT

1

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
360-586-6500

555, 560–61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

In her response, Plaintiff provides additional detail not stated in the Complaint about her "mistreatment at the hands of the healthcare sector." Response to Defendant's Motion to Dismiss (Response) at 4, Dkt. No. 14. Plaintiff alleges that Swedish Hospital performed a CT scan on Plaintiff's daughter without fully informing the Plaintiff of the risks involved. *Id*.

The Defendant will not speculate as to the extent of harm suffered by Plaintiff. However, Plaintiff has not articulated any concrete harm that is traceable to the conduct of the Defendant. Any harm suffered by the Plaintiff appears to relate to the actions underlying her medical malpractice claim. As this claim has already been litigated, it is unclear how the requested relief would remedy the alleged harm.

Furthermore, in her Response, the Plaintiff acknowledges she is not seeking relief for a personal harm. Plaintiff states that she "is not in federal court to seek [a] remedy for the harm that was done to her, but to plead for an intervention that will prevent harm to others." *Id*. Plaintiff's own words demonstrate that Plaintiff lacks Article III standing. Plaintiff has not carried her burden of establishing Article III standing, and the Complaint should be dismissed under Fed. R. Civ. Proc. 12(b)(1).

**B.    The Complaint Must Be Dismissed Because Attorney General Ferguson Is A State Official Acting in His Official Capacity**

Plaintiff's claim that Defendant violated 42 U.S.C. § 1983 must fail because Attorney General Ferguson is a state official acting in his official capacity. A state agency is not a "person" for purposes of 42 U.S.C. § 1983, nor is a state official acting in his or her official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

In her Response, the Plaintiff now alleges for the first time that this lawsuit is against Attorney General Ferguson in his individual capacity. Relying on *Ex Parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908), Plaintiff asserts that the Defendant is subject to suit in

DEF.'S REPLY TO PL.'S MOT. TO DISMISS
NO. 2:20-CV-00372-RAJ-BAT

2

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
360-586-6500

his individual capacity.

Official capacity suits involve the governmental entity as the real party in interest, and turn on the entity's policy or custom. *Hafer v. Malo*, 502 U.S. 21, 25, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991). Personal capacity suits "seek to impose individual liability" on a governmental official for particular actions taken under color of state law. *Hafer*, 502 U.S. at 25.

Here, Plaintiff's Complaint alleges a deprivation on the basis of the state's enforcement of RCW 7.70.060. She does not name a particular action perpetrated by Attorney General Ferguson. Instead, she complains of a policy or custom of enforcing state law as written. This is consistent with an official capacity suit, not a personal capacity suit. The framing of the Plaintiff's Complaint supports this interpretation. Plaintiff identified the Defendant to be "Bob Ferguson Attorney General of Washington State." Complaint at 1, Dkt. No. 1. Plaintiff stated in her basis for jurisdiction, "By enforcing RCW 7.70.060 defendant under the color of law in his official capacity violates the 14th Amendment to the U.S. Constitution." *Id*.

Additionally, Plaintiff served the summons and complaint upon Attorney General Ferguson in his official capacity by leaving the summons and complaint in the office of the Attorney General with an Assistant Attorney General. *See* RCW 4.92.020. Had Plaintiff intended to name Attorney General Ferguson in his individual capacity, service upon the state in this manner would have been insufficient, and the Complaint should be dismissed for insufficient service of process under Fed. R. Civ. Proc. 12(b)(4).

**C.    Plaintiff's Allegations Do Not Support a Claim for Relief Under 42 U.S.C. § 1983**

Even if Plaintiff's Complaint can proceed, she fails to provide a reasonable basis on which the Defendant acted under color of state law to deprive her of her rights.

Plaintiff asserts that "[t]he State plays an active role in enforcing RCW 7.70.060 in private lawsuits for the sole protection of the healthcare sector." Response at 7, Dkt. No. 14.

DEF.'S REPLY TO PL.'S MOT. TO DISMISS
NO. 2:20-CV-00372-RAJ-BAT

3

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
360-586-6500

1   This is not the case. Chapter 7.70 RCW, the statutory scheme challenged by Plaintiff, relates to private causes of action for injuries resulting from health care. RCW 7.70.010. This statutory scheme establishes the burden of proof in medical malpractice cases as well as procedures for litigating these claims. Nothing in Chapter 7.70 RCW tasks the Office of the Attorney General, the Department of Health (DOH), or any state agency, with enforcement of this chapter. The Plaintiff can show no deprivation under color of law, because the state does not involve itself in private medical malpractice lawsuits.

Nonetheless, Plaintiff argues that Attorney General Ferguson is "unconstitutionally enforcing RCW 7.70.060" by advising the DOH to uniformly reject all informed consent violation complaints. Response at 7–8, Dkt. No. 14. The DOH regulates health care professionals by way of the Uniform Disciplinary Act (UDA), Chapter 18.130 RCW. Under the UDA, any individual may submit a complaint to the disciplining authority alleging a license holder has committed unprofessional conduct, at which point the disciplining authority will decide whether or not to investigate the complaint. RCW 18.130.080(1)(a), (2). RCW 18.130.180 defines the actions that constitute unprofessional conduct. Any license holder who is found to have committed unprofessional conduct can be subject to professional discipline. RCW 18.130.060.

Plaintiff appears to argue that the DOH has violated 42 U.S.C. § 1983 by not taking disciplinary action against health professionals who do not use informed consent forms. However, a complaint alleging unprofessional conduct must allege a violation of one of the subsections of RCW 18.130.180. The DOH disciplinary authorities cannot take disciplinary action without a complaint or evidence of unprofessional conduct. Therefore, the DOH must close complaints that do not support an allegation that a health care provider engaged in unprofessional conduct. This decision depends on the particular facts alleged. The Plaintiff's Complaint on its face does not support a claim for relief under 42 U.S.C. § 1983.

/ / /

DEF.'S REPLY TO PL.'S MOT. TO DISMISS
NO. 2:20-CV-00372-RAJ-BAT

4

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
360-586-6500

**D. Plaintiff's Allegations Are Insufficient to Support a Claim That RCW 7.70.060 is Unconstitutional**

In her Response, Plaintiff asserts that "it is not the law that is lacking in Washington state, but the enforcement of it." Response at 8, Dkt. No. 14. Plaintiff appears to agree that RCW 7.70.060 is rationally related to a legitimate governmental interest. Because the Plaintiff agrees, the law is constitutional on its face, her Equal Protection Clause claim must fail.

## II. CONCLUSION AND RELIEF REQUESTED

Plaintiff lacks Article III standing to invoke this Court's jurisdiction. Additionally, Plaintiff has failed to state a claim for which relief can be granted. The Defendant asks this Court to dismiss the Complaint with prejudice.

DATED this 30th day of April, 2020.

ROBERT W. FERGUSON
Attorney General

KELSEY L. MARTIN, WSBA No. 50296
Assistant Attorney General
Agriculture and Health Division
Attorneys for Defendant Bob Ferguson
360-586-6470

DEF.'S REPLY TO PL.'S MOT. TO DISMISS
NO. 2:20-CV-00372-RAJ-BAT

5

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
360-586-6500

# CERTIFICATE OF SERVICE

I hereby certify that on April 30, 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

UNITED STATES WESTERN DISTRICT COURT CLERK
SEATTLE, WA

GABRIELLA KERTESZ
9702 1ST AVE NW
SEATTLE, WA 98117

I certify under penalty of perjury under the laws of the state of Washington that the foregoing is true and correct.

DATED this 30th day of April, 2020, at Tumwater, WA.

*Jessica May*
JESSICA MAY
Legal Assistant

DEF.'S REPLY TO PL.'S MOT. TO DISMISS
NO. 2:20-CV-00372-RAJ-BAT

6

ATTORNEY GENERAL OF WASHINGTON
Agriculture & Health Division
7141 Cleanwater Drive SW
PO Box 40109
Olympia, WA 98504-0109
360-586-6500