UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GABRIELLA KERTESZ,<br><br>                Plaintiff,<br><br>   v.<br><br>BOB FERGUSON,<br><br>                Defendant. | CASE NO. 2:20-cv-00372-RAJ-BAT<br><br>**REPORT AND RECOMMENDATION** |

Defendant Bob Ferguson moves to dismiss Plaintiff's Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. 13. Plaintiff Gabriella Kertesz opposes the motion. Dkt. 13. The undersigned recommends that the motion be granted and all claims against Defendant Ferguson be dismissed with prejudice, without leave to amend.

## FACTS ALLEGED

Plaintiff filed her complaint *pro se* and purports to sue on her own behalf and on behalf of "all other similarly situated citizens." Dkt. 1, p. 1. The complaint seeks to bring "suit in equity pursuant to Title 42 U.S.C. § 1983" against Defendant for "enforcing an unconstitutional law", *i.e.*, RCW 7.70.060. *Id.* Plaintiff also claims that Defendant's enforcement of RCW 7.70.060 violates the Fourteenth Amendment. *Id.*

The attachments to Plaintiff's Complaint provide the relevant background to Plaintiff's allegations. Plaintiff sued Swedish Hospital for fraud in 2015. She testified that Swedish Hospital failed to obtain her informed consent before performing a CT scan on her daughter and

REPORT AND RECOMMENDATION - 1

1  instead, forged her consent in her daughter's medical records. Plaintiff's claim was dismissed on
2  March 5, 2015. Dkt. 1-1, Ex. 7 ("Allegation of malpractice in use of CT scan – not established
3  by preponderance of competent evidence. Informed consent for CT scan – was sufficient based
4  upon the facts of the case. The CT scan is a diagnostic tool, not a medical procedure requiring
5  written informed consent."). *See* Dkt. 1, p. 9; *see also* Dkt. 1-1, Ex. 7 (January 6, 2015 Small
6  Claims Court claim against Swedish Hospital); Dkt. 1-10, p. 5 (December 12, 2014 email from
7  Plaintiff stating the doctor altered the medical record).

8  Chapter 7.70 RCW relates to private causes of action against health care providers for
9  injuries resulting from health care, including breach of the duty to secure informed consent
10 regarding treatment. RCW 7.70.010. This statutory scheme establishes the burden of proof in
11 medical malpractice cases as well as procedures for litigating these claims. Pursuant to this
12 statute and as relevant to Plaintiff's allegations here, if a patient's representative signs a consent
13 form, the consent form constitutes prima facie evidence that the patient gave her informed
14 consent to the treatment administered and the patient then has the burden of rebutting this by a
15 preponderance of the evidence. *See* RCW 7.70.060.

16 Plaintiff argues that RCW 7.70.060 is unconstitutional because it protects the healthcare
17 sector from any liability stemming from accusations of informed consent violations and
18 "plaintiffs receive no remedy from the court for grievances of informed consent violations when
19 violators present the courts with prima facie evidence of informed consent." Dkt. 1, p. 2. Plaintiff
20 contends that Defendant "in his official capacity under color of law actively enforces and
21 defends this law" when instead, he is responsible for and should be "fighting the
22 unconstitutionality" of RCW 7.70.060. *Id.*, pp. 2, 10. Plaintiff seeks a "preventative injunction"
23 to bring "RCW 7.70.060 in alignment with the 14th Amendment." Dkt. 1, p. 11.

REPORT AND RECOMMENDATION - 2

STANDARD OF REVIEW

To survive a motion to dismiss under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In assessing the adequacy of the complaint, the court must accept all pleaded facts as true and construe them in the light most favorable to the plaintiff. *See Turner v. City & Cty. Of San Francisco*, 788 F.3d 1206, 1210 (9th Cir. 2015). The court then determines whether the complaint "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Dismissal of an action pursuant to Rule 12(b)(6) is appropriate only where it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Levine v. Diamanthuset, Inc*., 950 F.2d 1478, 1482 (9th Cir. 1991). The Court will dismiss the complaint or any claim in it without leave to amend only if "it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987), *superseded on other grounds by statute as stated in Ahktar v. Mesa*, 698 F.3d 1202 (9th Cir. 2012).

DISCUSSION

A.  Plaintiff's Lack of Standing to Bring Suit on Behalf of Others

At the outset, the Court notes that Plaintiff purports to bring her Complaint on behalf of "others similarly situated." However, the Complaint is devoid of factual allegations to support a class action (*i.e.*, the size and definition of the alleged class; basis upon which Plaintiff's claims to be an adequate representative of the class; the alleged questions of law and fact claimed to be common to the class). *See* Fed. R. Civ. 23; LCR 23.

In addition, the named representative must appear able to prosecute the action vigorously through qualified counsel, and the representative must not have antagonistic or conflicting interests with the unnamed members of the class." *Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir.1978). Courts have generally concluded that a purported class representative who proceeds pro se violates this test of adequacy of representation; in other words, a pro se plaintiff cannot represent a class in a class action. *McShane v. United States*, 366 F.2d 286, 288 (9th Cir.1966) (affirming the dismissal of a class action for lack of jurisdiction because a pro se plaintiff "has no authority to appear as an attorney for others than himself.") This rule stems from the more general legal principle that pro se litigants can represent themselves, but themselves only. *Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664–64 (9th Cir. 2008) (applying the "general rule prohibiting pro se plaintiffs from pursuing claims on behalf of others in a representative capacity" including class actions); *C.E. Pope Equity Trust v. United States*, 818 F.2d 696, 697 (9th Cir.1987) (Same) (citations omitted)).

Because Plaintiff proceeds in this litigation pro se, she cannot represent the unidentified class members on whose behalf she purports to sue. In addition, Plaintiff lacks Article III standing to invoke this Court's jurisdiction.

B.   Article III Standing – Lack of Federal Court Jurisdiction

The federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256 (2013). Consequently, federal courts presume "that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citation omitted).

There are three requirements to establish Article III standing: (1) an alleged harm suffered by the plaintiff that is "concrete" and "actual or imminent," (2) "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of defendant," and (3) a likelihood that the requested relief will redress the alleged injury. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102–03 (1998). "This triad of injury in fact, causation, and redressability comprises core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence." *Id.* at 103–04.

Plaintiff alleges that she was harmed when a Small Claims Court judge determined that her written consent was not needed for the CT scan performed on her daughter, and that the doctor performing the scan did not violate Washington laws regulating the practice of medicine. Dkt. 1, p. 9; Ex. 7. There is no "fairly traceable connection between" this alleged injury and the complained of conduct, *i.e.*, Defendant Ferguson's failure to fight the alleged unconstitutionality of RCW 7.70.060. The harm alleged by Plaintiff relates to actions by Swedish Hospital, not by the Defendant, and RCW 7.70.060 is a law that addresses private malpractice actions for injuries resulting from healthcare.[1] Thus Plaintiff's claim does not meet the second and third requirements for Article III standing, *i.e.*, "a fairly traceable connection between the plaintiff's injury and the complained-of conduct of defendant," and "a likelihood that the requested relief will redress the alleged injury."

Accordingly, the undersigned recommends that the Complaint be dismissed for lack of Article III standing.

---

[1] It is also notable that in her response, Plaintiff states that she is "not in federal court to seek [a] remedy for the harm that was done to her, but to plead for an intervention that will prevent harm to others." *Id*.

REPORT AND RECOMMENDATION - 5

C.   A State Official Acting in His or Her Official Capacity is Not A "Person" Under 42 U.S.C. § 1983

Plaintiff purports to bring suit "in equity pursuant to 42 U.S.C. § 1983 for violation of the U.S. Constitution by the defendant enforcing an unconstitutional law: RCW 7.70.060." Dkt. 1, p. 1. However, for purposes of Section 1983, a state agency is not a "person" under 42 U.S.C. § 1983, nor is a state official acting in his or her official capacity. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. As such, it is no different from a suit against the State itself." *Id*. (citations omitted).

Plaintiff argues that Defendant Ferguson was "personally" served and that she makes no allegations against him in his "official capacity." Dkt. 14, p. 2. However, this assertion is contrary to the allegations contained in Plaintiff's Complaint. In her Complaint, Plaintiff alleges a deprivation on the basis of the state's enforcement of RCW 7.70.060. She does not name a particular action perpetrated by Attorney General Ferguson but complains instead of a policy or custom of enforcing state law as written. This is consistent with an official capacity suit, not a personal capacity suit. Plaintiff also identifies the Defendant as "Bob Ferguson Attorney General of Washington State." Dkt. 1, p. 1. Plaintiff stated in her basis for jurisdiction, "By enforcing RCW 7.70.060 defendant under the color of law in his official capacity violates the 14th Amendment to the U.S. Constitution." *Id*.

Additionally, Plaintiff served the summons and complaint upon Bob Ferguson as Attorney General of Washington State by leaving the summons and complaint in the office of the Attorney General with an Assistant Attorney General. *See* RCW 4.92.020. Had Plaintiff intended to name Attorney General Ferguson in his individual capacity, service upon the state in this manner would have been insufficient, and the Complaint should be dismissed for insufficient

REPORT AND RECOMMENDATION - 6

1 service of process under Fed. R. Civ. Proc. 12(b)(4).

2 Because Plaintiff has named Bob Ferguson, in his official capacity of Attorney General
3 of the State of Washington, all claims against him under 42 U.S.C. § 1983 must be dismissed.
4 Additionally, and regardless of whether Defendant Ferguson can be sued under Section 1983,
5 Plaintiff has alleged no factual basis upon which the Court may reasonably conclude that
6 Defendant Ferguson acted under color of state law to deprive Plaintiff of her rights.

7 Plaintiff challenges RCW 7.70.060, which concerns a health care provider's use of
8 informed consent forms. Plaintiff asserts that "[t]he State plays an active role in enforcing RCW
9 7.70.060 in private lawsuits for the sole protection of the healthcare sector." Dkt. 14, p. 7. As
10 previously noted, Chapter 7.70 RCW relates to private causes of action against health care
11 providers for injuries resulting from health care, including breach of the duty to secure informed
12 consent regarding treatment. RCW 7.70.010. This statutory scheme establishes the burden of
13 proof in medical malpractice cases as well as procedures for litigating these claims. Nothing in
14 Chapter 7.70 RCW tasks the Office of the Attorney General, the Department of Health (DOH),
15 or any state agency, with enforcement of this chapter. Plaintiff can show no deprivation under
16 color of law, because the state does not involve itself in private medical malpractice lawsuits.

17 Plaintiff also argues that Attorney General Ferguson is "unconstitutionally enforcing
18 RCW 7.70.060" by advising the DOH to uniformly reject all informed consent violation
19 complaints. Dkt. 14, pp. 7–8. The DOH regulates health care professionals by way of the
20 Uniform Disciplinary Act (UDA), Chapter 18.130 RCW. Under the UDA, any individual may
21 submit a complaint to the disciplining authority alleging a license holder has committed
22 unprofessional conduct, at which point the disciplining authority will decide whether or not to
23 investigate the complaint. RCW 18.130.080(1)(a), (2). RCW 18.130.180 defines the actions that

REPORT AND RECOMMENDATION - 7

constitute unprofessional conduct. Any license holder who is found to have committed unprofessional conduct can be subject to professional discipline. RCW 18.130.060.

Plaintiff appears to argue that the DOH has violated 42 U.S.C. § 1983 by not taking disciplinary action against health professionals who do not use informed consent forms. However, a complaint alleging unprofessional conduct must allege a violation of one of the subsections of RCW 18.130.180. The DOH disciplinary authorities cannot take disciplinary action without a complaint or evidence of unprofessional conduct and must close complaints that do not support an allegation that a health care provider engaged in unprofessional conduct.

The undersigned recommends dismissal of Plaintiff's claim for relief under 42 U.S.C. § 1983 because Plaintiff has alleged no factual basis upon which the Court may reasonably conclude that Defendant Ferguson acted under color of state law to deprive Plaintiff of her rights.

D.  Fourteenth Amendment Equal Protection

Plaintiff alleges that "by enforcing RCW 7.70.060 defendant under the color of law in his official capacity violates the 14th Amendment to the U.S. Constitution." Dkt. 1, p. 1.

The Fourteenth Amendment provides in relevant part, that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." The Fourteenth Amendment's equal protection clause requires that all persons similarly situated be treated alike. *F.S. Royster Guano Co. v. Virginia*, 253 U.S. 412, 415 (1920); *Plyler v. Doe*, 457 U.S. 202, 216 (1982); *Mayner v. Callahan*, 873 F.2d 1300, 1301 (9th Cir.1989). A necessary element for an equal protection violation is that the person be "similarly situated" to others receiving different treatment. *Powell v. Ducharme*, 998 F.2d 710, 716 (9th Cir.1993). Even if a person is similarly situated, an equal protection claim "must be rejected unless the [state's] action is patently arbitrary and bears no relationship to a legitimate governmental interest." *Vermouth v.*

REPORT AND RECOMMENDATION - 8

*Corrothers*, 827 F.2d 599, 602 (9th Cir.1987). So long as the State's action bears some rational relationship to a legitimate governmental interest, a court cannot "'sit as a super legislature' and dictate another [course of action] it believes to be wiser or more equitable." *Id.* at 604 (quoting *City of New Orleans v. Dukes*, 427 U.S. 297, 303 (1976) (per curiam)).

Here, Plaintiff contends that her equal protection right was violated when the judge in her small claims court action against Swedish Hospital failed to shift the burden of proof after Plaintiff testified that she did not give her consent for the CT scan. *See*, *e.g.*, Dkt. 1, 9. This is insufficient to state an equal protection violation. Plaintiff does not allege that she is "similarly situated" to others receiving different treatment. Rather, she alleges, in a conclusory and general manner, that Defendant Ferguson's alleged "enforcement" of RCW 70.70.060 favors the healthcare sector in malpractice lawsuits over patients, whom she claims, "never receive any remedy when their rights for informed consent are violated." Dkt. 1, p. 4. Plaintiff provides no factual basis or authority from which the Court may reasonably conclude that Defendant Ferguson is in any way authorized to enforce a statute which regulates private causes of action against health care providers.

Although Plaintiff alleges primarily that it is Defendant Ferguson's *enforcement* of RCW 7.70.060 in favor of health care providers which violates the Fourteenth Amendment, elsewhere in her Complaint she also alleges generally that the statute is unconstitutional because RCW 7.70.060 treats patients and providers differently. Because this allegation does not involve a suspect class or fundamental right, the Court need only determine whether RCW 7.70.060 is "rationally related to a legitimate governmental interest." *Honolulu Weekly, Inc. v. Harris*, 298 F.3d 1037, 1047 (9th Cir. 2002) (quoting *Ball v. Massanari*, 254 F.3d 817, 823 (9th Cir. 2001)). According to Defendant, RCW 7.70.060 promotes the governmental interest of making high

REPORT AND RECOMMENDATION - 9

quality, affordable, and accessible health care available, by facilitating the use of consent forms by providers while giving patients the ability to rebut the existence of a signed consent form. This language strikes a rational balance between the patient's right to be informed of material facts relating to treatment, with the provider's ability to provide high quality and accessible health care by facilitation of the consent form by providers, while giving patients the ability to rebut the existence of a signed consent form. Plaintiff appears to agree that RCW 7.70.060 is rationally related to a legitimate government interest because in her response, she clarifies that "it is not the law that is lacking in Washington state, but the enforcement of it. Dkt. 14, p. 8.

After viewing Plaintiff's allegations in the light most favorable to her, the undersigned concludes that Plaintiff has failed to allege and can prove no set of facts in support of her claim that Defendant Ferguson violated her equal protection rights. In addition, because RCW 7.70.060 is rationally related to the legitimate governmental interest of promoting access to high quality and affordable health care, any claim that the statute is unconstitutional should also be dismissed.

## CONCLUSION

Based on the foregoing, it is recommended that Defendant Ferguson's motion to dismiss (Dkt. 13) be granted and that the claims against him be dismissed with prejudice without leave to amend.

## OBJECTIONS AND APPEAL

This Report and Recommendation is not an appealable order. Therefore, a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit should not be filed until the assigned District Judge enters a judgment in the case.

Objections, however, may be filed and served upon all parties no later than **May 20, 2020**. The Clerk should note the matter for **May 22, 2020**, as ready for the District Judge's

consideration if no objection is filed. If objections are filed, any response is due within 14 days after being served with the objections. A party filing an objection must note the matter for the Court's consideration 14 days from the date the objection is filed and served. The matter will then be ready for the Court's consideration on the date the response is due. Objections and responses shall not exceed seven (7) pages.  The failure to timely object may affect the right to appeal.

DATED this 4th day of May, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge