The Honorable Richard A. Jones

United States District Court
for the Western District of Washington

CASE NO.  2:20-CV-00372-RAJ-BAT

# Ex Parte Motion for Preliminary Injunction
# Oral Argument Requested

I.  **The Parties to this complaint:**

Plaintiff:    Gabriella Kertesz pro se and all other similarly situated citizens

Defendant:        Bob Ferguson
Attorney General of Washington State
800 Fifth Ave
Suite 2000
Seattle, WA 98104
206-464-6763
publicrecords@atg.wa.gov

I.  **Ex Parte Motion for Preliminary Injunction**

White v. Napoleon (897 F. 2d 103 - Court of Appeals, 3rd Circuit 1990) states the following:

"The Due Process clause of **the Fourteenth Amendment substantively protects certain fundamental rights.** Among these are the right to be free from unjustified intrusions into the body, Ingraham v. Wright, 430 U.S. 651, 673, 97 S.Ct. 1401, 1413, 51 L.Ed.2d 711 (1977), the related **right to refuse unwanted medical treatment**, Rennie

v. Klein, 653 F.2d 836, 844 (3d Cir.1981), and, as we decide today, **the right to sufficient information to intelligently exercise those rights**. Retaliation for the exercise of constitutionally protected rights is itself a violation of rights secured by the Constitution actionable under section 1983. Cf. Millhouse v. Carlson, 652 F.2d 371, 373-74 (3d Cir.1981) (**retaliation for exercising right to petition for redress of grievances states a cause of action for damages arising under the constitution**)."

and

"A prisoner's right to refuse treatment is useless without knowledge of the proposed treatment. Prisoners have a right to such information as is reasonably necessary to make an informed decision to accept or reject proposed treatment, as well as a reasonable explanation of the viable alternative treatments that can be made available in a prison setting."

If prisoners' rights for informed consent is constitutionally protected, it logically follows that non-prisoners must also enjoy the same kind of protection. Hence, plaintiffs' rights for informed consent is protected by the 14th Amendment of the U.S. Constitution. Ms. Kertesz has provided evidence (Exhibit 13) that thousands upon thousands of Washingtonians are deprived of their constitutionally protected rights by the healthcare sector on a daily basis in Washington State (and in all other states).

Plaintiffs have petitioned the Attorney General of Washington State in 2015 and in 2019 to secure the people's rights for informed consent. Plaintiffs' petitions were denied not once, but twice by Bob Ferguson. Plaintiffs believe that it is the duty of the Attorney General to uphold all laws of Washington state in accordance with the U.S. Constitution. In fact, Bob Ferguson has repeatedly asked this honorable court to dismiss this case. Through his actions, the Attorney General has made it clear that he will never address plaintiffs' petition.

The First Amendment endows the people with the right to petition their government for redress of grievances. Petitioning is a constitutionally protected activity. The right to petition cannot be taken away from the people by any government (state or federal). **Plaintiffs believe that they have firmly established a First Amendment retaliation claim in federal court.**

Plaintiffs believe that they have successfully argued in their original complaint that the healthcare sector violates patients' rights for informed consent on a daily basis all across this country. In this federal court plaintiffs are petitioning for a relief that has the power to secure the people's rights for informed consent. The relief will ensure that patients are treated with dignity and respect. We are all human beings after all. Plaintiffs are forced to move Ex parte, as their demands for redress for grievances are forever denied by the Attorney General of Washington State.

Plaintiffs are required to satisfy the following requirements under Federal Rule of Civil Procedure 65(b) for a preliminary injunction:

A party seeking a TRO/preliminary injunction must make a clear showing (1) of a likelihood of success on the merits, (2) of a likelihood of suffering irreparable harm in the absence of preliminary relief, (3) that the balance of hardship tips in her favor, and (4) that a temporary restraining order is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008) (articulating standard for preliminary injunction); Stuhlbarg Int'l Sales Co. v. John D. Brush & Co., 240 F.3d 832, 839 n.7 (9th Cir. 2001) (noting that preliminary injunction and temporary restraining order standards are "substantially identical").

Plaintiffs believe that their original complaint is able to satisfy all the requirements needed for a preliminary injunction. In a last ditch effort to stand up for the constitutionally protected rights of all citizens for informed consent, plaintiffs move for a preliminary injunction. Plaintiffs are seeking this extraordinary remedy through the following means:

1. Plaintiffs plead with this federal court to **immediately suspend the legal protection of RCW 7.70.060 for the healthcare sector in Washington state (if possible, all states)**. It has been proven that RCW 7.70.060 **only** protects the violators currently, so patients (the violated) cannot be protected by these forms in any way. The signature of the patient on a consent form can only reflect an acknowledgement of the information provided. Patient's signature may not be used as irrefutable proof of consent to void liability in a court of law. The

   *suspension of the legal protection* shall remain in place until mandatory patient information forms can be provided for all transactions in healthcare.
2. Plaintiffs plead with this federal court to order the U.S. Department of Health and Human Services to create the database (or use an existing one) that is able to generate mandatory patient information forms.
3. Plaintiffs plead with this federal court to order all healthcare businesses and drug makers to streamline their (non-negotiable real) pricing for their services/drugs in collaboration with the U.S. Department of Health and Human Services. It is high time that the healthcare sector starts operating like any other for profit business. Consumers have the right to know prices ahead of time. All other businesses are required to give us receipts upon purchase. We will only have affordable healthcare when people are allowed to decide what they (the people) can afford.
4. Plaintiffs plead with this federal court to let the people know that their government is taking real steps to ease the suffering of the people.
5. Plaintiffs plead with this federal court to do everything in their power to set the course of justice right.

Ms. Kertesz is a citizen litigant who is desperately trying to institute a change that is dictated by law. She has a deep conviction that justice for all can only be attained by following the law. That is the law.

## II.     Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:            6/16/2020
Signature of Plaintiff:   s/ Gabriella Kertesz
Printed Name of Plaintiff:         Gabriella Kertesz
                                   9702 1st Ave NW
                                   Seattle, WA 98117
                                   Tel: 425-243-2287
                                   Email: gaboca@gmail.com