**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

JUL 1 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| GABRIELLA KERTESZ,<br><br>        Plaintiff-Appellant,<br><br> v.<br><br>BOB FERGUSON, Attorney General of Washington State,<br><br>        Defendant-Appellee. | No. 20-35573<br><br>D.C. No. 2:20-cv-00372-RAJ<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Richard A. Jones, District Judge, Presiding

Submitted June 21, 2021[**]

Before:    SILVERMAN, WATFORD, and BENNETT, Circuit Judges.

    Gabriella Kertesz appeals pro se from the district court's judgment dismissing her 42 U.S.C. § 1983 action alleging that Bob Ferguson, the Attorney General of Washington State, violated her civil rights in connection with a state law that concerns medical consent forms. We have jurisdiction under 28 U.S.C.

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291.  We review de novo a dismissal for lack of subject matter jurisdiction. *Colony Cove Props., LLC v. City of Carson*, 640 F.3d 948, 955 (9th Cir. 2011). We affirm.

The district court properly dismissed Kertesz's action for lack of subject matter jurisdiction because Kertesz failed to allege facts sufficient to demonstrate Article III standing.  *See Arakaki v. Lingle*, 477 F.3d 1048, 1059 (9th Cir. 2007) (to establish standing, a plaintiff must allege that she "has suffered concrete injury, that there is a causal connection between [her] injury and the conduct complained of, and that the injury will likely be redressed by a favorable decision"); *Smelt v. County of Orange*, 447 F.3d 673, 682 (9th Cir. 2006) ("The burden of showing that there is standing rests on the shoulders of the party asserting it.").

We reject as without merit Kertesz's contention, set forth in her supplemental filing, that the district court's dismissal for lack of subject matter jurisdiction divested this court of jurisdiction over the appeal.

**AFFIRMED.**