D.C. No. 2:20-cv-00372-RAJ

Gabriella Kertesz
Plaintiff

v.

Attorney General Bob Ferguson
Defendant

## (SECOND) NOTICE OF DISMISSAL - CONSENT TO JUDGMENT

1. In the Spring of 2020, the Attorney General argued **in federal court** that the Plaintiff's complaint/lawsuit **should be** dismissed for "insufficient service of process under Fed. R. Civ. Proc. 12(b)(4)". Quoted verbatim from 2020 court records, the Plaintiff bolded some words for emphasis):

    "...Plaintiff served the summons and complaint upon Attorney General Ferguson in his official capacity by leaving the summons and complaint in the office of the Attorney General with an Assistant Attorney General. See RCW 4.92.020. Had Plaintiff intended to name Attorney General Ferguson in his individual capacity, service upon the state in this manner would have been insufficient, and **the Complaint should be dismissed for insufficient service of process under Fed. R. Civ. Proc. 12(b)(4)**". (Dkt. #15 Heading B Line 16-21)

2. In the spring of 2020, the Plaintiff just couldn't get it into her head how on Earth a Plaintiff's complaint can be legitimately dismissed for "insufficient service of process under Fed. R. Civ. Proc. 12(b)(4)" **after the Defendant had served an answer in federal court.**

3. *No matter how hard the Plaintiff tried to wrap her head around the Attorney General's extraordinary defensive argument/reason, dismissing the Plaintiff's complaint for "insufficient service of process under Fed. R. Civ. Proc. 12(b)(4)"* **after** *the Defendant had served an answer just* **didn't make any logical sense.**

4. *Every human being with a good dose of common sense would object to having their claims be dismissed for "insufficient service of process under Fed. R. Civ. Proc. 12(b)(4)". It goes without saying that the Plaintiff wholeheartedly protested/objected to having her claim be dismissed for such an extraordinary reason. Who wouldn't?*

5. *In 2020, Judge Richard A. Jones* **stayed silent** *when the Plaintiff objected to having her claim be dismissed for "insufficient service of process under Fed. R. Civ. Proc. 12(b)(4)". Judge Richard A. Jones's silence spoke volumes in a court of law under God.* **After carefully deliberating the Plaintiff's objection, the sitting Judge decided to let the Defendant's extraordinary reason stand** *and dismissed the Plaintiff's complaint instead (Dkt. #21). In essence, it was the* **Court's Dismissal with Prejudice that Overruled the Plaintiff's Objection** *to the extraordinary reason. So be it. Praise be to God!*

6. *Upon dismissal, the extraordinary reason blew all the other ordinary reasons out of the water and became* **The Reason** *for the Plaintiff's dismissal. This* **One Extraordinary Reason** *rendered all the other ordinary reasons (floated by the Attorney General) utterly irrelevant/redundant in Kertesz v. Ferguson. Redundant reasons are nothing but pure distractions and* **serve no purpose** *in a court of law under God.*

7. *Allowing the Attorney General's extraordinary reason to stand (by overruling the Plaintiff's objection) was a* **Phenomenal Judicial Oversight***, as it prevented the Plaintiff's claim from being adjudicated on the merits by the Court.*

8. **In essence, the Judge's Phenomenal Judicial Oversight deprived the Court of its Power of Adjudication.** *Thank God for that!*

9. *As the Court was deprived of its power of adjudication, the Plaintiff's claim was never adjudicated on the merits in 2020. Put differently,* **the judgment bar has yet to trigger** *in Kertesz v. Ferguson.*

10. **Only when** the Plaintiff's claim is adjudicated on the merits shall the judgment bar trigger in Kertesz v. Ferguson. **If only there was a way** to adjudicate the Plaintiff's claim…

11. Turns out, not all is lost, as **there is a way** to adjudicate the Plaintiff's claim in a court of law under God. Hallelujah! Praise the Lord! We shall all be saved!

12. Fed. R. Civ. Proc. 41(a)(1)(B) contains straightforward instructions on **how to adjudicate a claim on the merits in a court of law under God**.

13. According to the Fed. R. Civ. Proc. 41(a)(1)(B), if the Plaintiff previously dismissed any federal- or state-court action based on or including the same claim, **a Notice of Dismissal operates as an adjudication on the merits**. In other words, to have a claim adjudicated on the merits, the Plaintiff must file not one, but two Notices of Dismissal in federal- or state-court.

14. If the words of the Fed. R. Civ. Proc. 41(a)(1)(B) are to be believed, the Plaintiff's second Notice of Dismissal operates/acts **just like** a dismissal/judgment with prejudice by a federal Judge. God knows, the Plaintiff is a believer.

15. On 9/1/2022 the Plaintiff initiated a **second** lawsuit (2:22-cv-01228-RAJ) against the Attorney General by reason of the same subject matter as **this** lawsuit (2:20-cv-00372-RAJ).

16. On **9/9/2022** the Plaintiff **voluntarily** dismissed her **second** lawsuit (2:22-cv-01228-RAJ) against the Attorney General **without a court order** in accordance with the Fed. R. Civ. Proc. 41(a)(1)(A).

17. According to the Fed. R. Civ. Proc. 41(a)(1)(A), the Plaintiff may voluntarily dismiss an action/lawsuit **without a court** order by filing a Notice of Dismissal **before** the opposing party serves either an answer or a motion for summary judgment. Dismissing the Plaintiff's complaint for "insufficient service of process under Fed. R. Civ. Proc. 12(b)(4)" **before** the Defendant serves an answer **makes total logical sense**. This way, the Plaintiff **may** legitimately dismiss her action/lawsuit for "insufficient service of process under Fed. R. Civ. Proc. 12(b)(4)" in federal court.

18. Court records will testify (2:22-cv-01228-RAJ) that the Plaintiff never served the Attorney General **in his individual capacity**. Lo and behold, there is no proof of service on record. Go check the court records. As the

3

Plaintiff never served the Attorney General in his individual capacity, the Plaintiff was **well within her right** to dismiss her action/lawsuit against the Attorney General for "insufficient service of process under Fed. R. Civ. Proc. 12(b)(4)" on 9/9/2022.

19. In a court of law under God, a complaint **may never** be dismissed for "insufficient service of process under Fed. R. Civ. Proc. 12(b)(4)" by a **court order**. Basic principles of law (LAW 101) do not allow citizen-Judges to dismiss a complaint for a nonsensical reason. A reason, by law, must always make sense.

20. On the other hand, basic principles of law allow **any** ordinary citizen-Plaintiff to voluntarily dismiss an action/lawsuit for "insufficient service of process under Fed. R. Civ. Proc. 12(b)(4)" **without a court order**. There is no statute of limitations on dismissing a claim for "insufficient service of process under Fed. R. Civ. Proc. 12(b)(4)". By law, any citizen-Plaintiff may dismiss an action/lawsuit **for any reason at any time** in federal or state court. NOW is as good a time as any.

21. The dismissal on 9/9/2022 was the Plaintiff's **first** voluntary dismissal without a court order in federal court. The case number for the Plaintiff's first voluntary dismissal is: 2:22-cv-01228-RAJ. That's the Plaintiff's FIRST voluntary dismissal in a court of law under God. The first Notice of Dismissal doesn't operate as an adjudication on the merits, as the Plaintiff's first voluntary dismissal is, naturally, without prejudice.

22. As fate would have it, the Plaintiff is **in possession of a second dismissal** by reason of the same subject matter as her first voluntary dismissal. This second dismissal is a dismissal with prejudice and is dated 6/18/2020. Moreover, this second dismissal is signed by an Honorable United States District Judge.

23. **In a court of law under God, the Plaintiff swears to God that this Honorable United States District Judge's dismissal (2:20-cv-00372-RAJ) is an honest-to-God voluntary dismissal.** (Cross my heart and hope to die.)

24. According to the Fed. R. Civ. Proc. 41(a)(1)(B), for a Notice of Dismissal to operate as an adjudication on the merits, there need to be not one, but **TWO** Notices of Dismissals filed by the Plaintiff in a court of law.

4

25. The Notice of dismissal dated 9/9/2022 counts as the Plaintiff's FIRST voluntary dismissal in federal court. The Notice of Dismissal dated 11/15/2022 counts as the Plaintiff's SECOND voluntary dismissal in federal court. That's TWO voluntary dismissal in federal court.

26. Judge Richard A. Jones and the Plaintiff dismissed the same action/lawsuit for the same reason in a court of law under God. Consequently, **the Judge's and the Plaintiff's dismissals are identical/indistinguishable in the eyes of the law.** Both dismissals **should be considered** voluntary dismissals by the Plaintiff in the eyes of the law. The order of the dismissals should not matter, as the end result is the same.

27. By voluntarily dismissing her claim not once, but twice, the Plaintiff is exercising/vindicating her God-given right to adjudication. In a court of law under God, the Plaintiff offers up Judge Richard A. Jones's dismissal with prejudice as her second voluntary dismissal. It is prayed that Judge Richard A. Jones's dismissal with prejudice be allowed to operate as an adjudication on the merits in Kertesz v. Ferguson.

28. God willing, **this SECOND Notice of Dismissal paired with Judge Richard A. Jones's dismissal with prejudice** shall operate as an adjudication on the merits.

29. A claim that is adjudicated on the merits is bound by law to trigger the judgment bar. Right?

30. The Plaintiff is convinced that Attorney General Ferguson didn't just get off on a technicality in federal court in 2020. There is no doubt in the Plaintiff's mind that citizen Bob Ferguson was **legitimately** spared from having to stand trial in a court of law under God. When a human being is legitimately spared from having to stand trial in a court of law under God, it constitutes a **pardon** in the book of law.

31. We are created equal in the image of God. When **one of us** is pardoned in a court of law under God, **we shall all be pardoned**. The Plaintiff fervently prays for the pardon to stand.

This Notice of Dismissal is being filed in a court of law under God with the blessing of a Holy Man on 11/15/2022 in Seattle, Washington.

                    s/Gabriella Kertesz